No. 04-227

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 117

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

BENJAMIN P. RUIZ,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and for the County of Ravalli, Cause No. DC 2003-57
The Honorable James A. Haynes, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Brian C. Smith, Worden Thane P.C., Missoula, Montana

       For Respondent:

       Honorable Mike McGrath, Montana Attorney General, Barbara C. Harris,
Assistant Attorney General, Helena, Montana; George H. Corn, Ravalli
County Attorney, Hamilton, Montana

Submitted on Briefs: December 8, 2004

Decided: May 10, 2005

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Benjamin Ruiz (Ruiz), appeals from a sentence of the Twenty-First Judicial District Court, Ravalli County.  We affirm.

¶2     We restate the following issues on appeal:

¶3     1. Did the District Court err when it suspended Ruiz's privilege to hunt, trap, and fish?

¶4     2. Did the District Court err when it imposed a condition on Ruiz's sentence, which suspended his privilege to accompany others and partake in non-game hunting?

¶5     3. Did the District Court abuse its discretion in sentencing Ruiz?

**BACKGROUND**

¶6     In the Fall of 2002, Ruiz was charged with several misdemeanor crimes related to hunting and fishing.  On January 29, 2003, Ruiz was convicted of five charges in Ravalli County Justice Court: Outfitting Without a License (Counts I and II), Possession of an Unlawfully Killed Game Fish (Count III), Violation of Overlimit Regulations (Count IV), and Possession of an Unlawfully Killed Game Animal (Count V).  On March 5, 2003, Ruiz appealed the decision to the Twenty-First Judicial District Court.  On August 21, 2003, Ruiz appeared in District Court and pled guilty to Counts I and II, but proceeded to a jury trial on the remaining counts on September 24, 2003, and September 26, 2003.  Ruiz was found guilty on the remaining three counts and was sentenced January 15, 2004.

¶7     The District Court sentenced Ruiz for Count I to one year in jail with all but 30 days suspended, a $1,000.00 fine with all but $500.00 suspended, a loss of hunting, trapping, and

2

fishing privileges for a period of 60 months, and restitution in the amount of $200.00. On Count II, Ruiz received the same sentence he received under Count I, but received restitution in the amount of $250.00. On Count III, Ruiz was sentenced to six months in jail with all suspended, a $1,000.00 fine with all but $250.00 suspended, a loss of hunting, trapping, and fishing privileges for 24 months, and restitution in the amount of $10.00. On Count IV, Ruiz was sentenced to six months in jail with all suspended, a $1,000.00 fine with all but $500.00 suspended, a loss of hunting, trapping, and fishing privileges for 36 months, and restitution in the amount of $100.00. On Count V, Ruiz was sentenced to six months in jail with all suspended, a $1,000.00 fine with all but $500.00 suspended, a loss of hunting, trapping, and fishing privileges for 60 months, and restitution in the amount of $300.00. The sentences on Counts I and II were to run consecutively to one another and concurrently to the sentences imposed on Counts III, IV, and V, which were to run consecutively to one another. The District Court also ordered that, as a condition of his sentence, Ruiz lose his accompaniment and non-game hunting privileges for 120 months. Ruiz now appeals from the District Court's sentence.

## STANDARD OF REVIEW

¶8 Normally, this Court reviews a criminal sentence for its legality; that is, we determine whether the sentence is within statutory parameters. *State v. Webb,* 2005 MT 5, ¶ 8, 325 Mont. 317, ¶ 8, 106 P.3d 521, ¶ 8. However, as in this case, when an offender is ineligible for sentence review because the sentence is for less than one year in the state prison, this

3

Court reviews the sentence for both legality and abuse of discretion. *State v. Herd*, 2004 MT 85, ¶ 22, 320 Mont. 490, ¶ 22, 87 P.3d 1017, ¶ 22.

## DISCUSSION

### ISSUE 1

¶9    Did the District Court err when it suspended Ruiz's privilege to hunt, trap, and fish?

¶10    Ruiz asserts that the District Court exceeded its statutory authority when it imposed sanctions and conditions on him not authorized by statute and that exceeded the period of the actual sentence allowed by law.

¶11    The State contends the District Court's suspension of Ruiz's hunting, trapping, and fishing privileges for Counts I and II was authorized by § 46-18-202(1)(f), MCA, which provides that a sentencing judge may impose, as part of a sentence, "any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society." Specifically, the State contends the District Court considered its imposition of the condition of loss of privileges for a period of 60 months to be related to the goals of rehabilitation and the protection of Montana's wildlife. As to Counts III, IV, and V, the State relies on § 87-1-102, MCA, which permits a sentencing judge discretion to impose a long forfeiture period if the court deems it warranted.

¶12    A district court's authority to impose a sentence is defined and constrained by statute. *Pena v. State*, 2004 MT 293, ¶ 24, 323 Mont. 347, ¶ 24, 100 P.3d 154, ¶ 24 (citation omitted). Indeed, "a district court has no power to impose a sentence in the absence of specific statutory authority." *Pena*, ¶ 24 (citing *State v. Nelson*, 1998 MT 227, ¶ 24, 291

4

Mont. 15, ¶ 24, 966 P.2d 133, ¶ 24). A sentence not based on statutory authority is an illegal sentence. *Pena,* ¶ 24.

¶13 Ruiz was convicted under Counts I and II of Outfitting Without a License. Pursuant to § 37-47-344(2), MCA, a person who holds himself out to the public as an outfitter and engages in outfitting without a license is guilty of a misdemeanor and may be punished by a fine of no less than $200.00 or more than $1,000.00, and up to a year in the county jail, or a combination of the two. There is no statutory provision for loss of privileges to hunt or fish as the result of a conviction under this section.

¶14 Ruiz maintains there is no statutory provision for the imposition of a loss of privileges under Counts I and II, as these are outfitting without a license misdemeanors, and the sentences that may be imposed under § 37-47-344(2), MCA, are limited by the terms of the statute to a fine and jail time only. However, Ruiz was also convicted under Counts III, IV, and V. These violations are subject to the penalties provided for in § 87-1-102, MCA. This statute clearly allows a district court to set the period of suspension. Section 87-1-102(1), MCA. The statute also authorizes the suspension of an individual's privileges for 24 months *or longer*, if the court decides the infractions warrant a longer suspension. Section 87-1-102(2)(b), MCA (emphasis added). Of significance here is that the suspension of privileges for a period of 120 months imposed under Counts I and II was designated to run concurrently with the suspension of privileges imposed for the same time period under Counts III through V. Accordingly, we need not address whether the privileges were or were not subject to suspension under Counts I and II; the practical consequence of the sentence under Counts

5

III through V is a suspension of privileges for 120 months in any event. Moreover, based upon the facts presented to the court and the authority conferred upon the court under § 87-1-102, MCA, we conclude that the District Court's suspension of Ruiz's privileges under Counts III through V was a legal condition of Ruiz's sentence.

## ISSUE 2

¶15    Did the District Court err when it imposed a condition on Ruiz's sentence, which suspended his privilege to accompany others and partake in non-game hunting?

¶16    Ruiz argues that the District Court was without authority to suspend his privilege to accompany others and partake in non-game hunting for ten years. Ruiz maintains that the District Court cannot impose a condition past the length of two years, which is the maximum sentence allowed by law on the underlying charges.

¶17    The District Court imposed the condition on Ruiz's sentence that he lose his "accompaniment, and non-game hunting privileges" for 120 months. As mentioned earlier in this Opinion, § 87-1-102, MCA, authorizes a district court to suspend a person's privileges for a period set by the court and specifically authorizes "a longer forfeiture period" if the district court determines it is warranted. In addition, § 46-18-202(1)(f), MCA, permits a sentencing court to impose other limitations that are reasonably related to the rehabilitation of the offender and the protection of the victim and society.

¶18    The District Court found that the objectives of the sentence would be served by imposing these restrictions, given Ruiz's disregard for the laws regarding hunting and taking wildlife. There was testimony before the court from a game warden that those whose

6

privileges are suspended often accompany others and claim if questioned that they are only accompanying and not engaging in the prohibited conduct. Precluding accompaniment serves to prevent one from taking advantage of the ability to hunt while under suspension, and serves to protect game animals. From the record it is clear that the District Court took account of this testimony when imposing the non-accompaniment and non-game hunting restrictions. Given that the District Court had discretion under § 46-18-202, MCA, to impose reasonable conditions on Ruiz's sentence and that a longer forfeiture period was authorized by statute, and given the findings of the court referenced below, the District Court did not err when it suspended Ruiz's accompaniment and non-gaming privileges under Counts III through V.

## ISSUE 3

¶19    Did the District Court abuse its discretion in sentencing Ruiz?

¶20    Ruiz argues that the District Court abused its discretion when it imposed conditions and penalties on Ruiz not warranted or justified by his conduct. Ruiz contends the extreme nature and length of the conditions imposed is unreasonable and overly punitive. Specifically, Ruiz maintains that the condition he refrain from accompaniment and non-game hunting has little connection to his underlying offenses.

¶21    The State contends Ruiz's sentence is clearly justified by the egregious facts and circumstances of this case. The State points to the testimony of wardens involved in the investigation of Ruiz to support its position.

¶22 An abuse of discretion occurs when a district court acts arbitrarily without conscientious judgment or exceeds the bounds of reason. *State v. Grindheim*, 2004 MT 311, ¶ 16, 323 Mont. 519, ¶ 16, 101 P.3d 267, ¶ 16 (citation omitted). The evidence offered during the trial supported the basis for the conditions and their connection to Ruiz's underlying offenses. The record shows Ruiz deliberately disregarded Montana's laws governing hunting and cannot be trusted in hunting situations. Specifically, the District Court was influenced by the fact Ruiz attended college and majored in forestry, resource conservation, and wildlife biology, and yet chose to deliberately disregard the hunting laws and regulations in which he was well-versed, for money and for his personal benefit. The court further found that Ruiz continued to rationalize that his behavior was acceptable, and that the only way to "slow him down" was to impose significant restrictions on his ability to engage in hunting.

¶23 After a review of the record, we cannot say the District Court acted arbitrarily without conscientious judgment or exceeded the bounds of reason when imposing Ruiz's sentence. Therefore, we conclude the District Court did not abuse its discretion when it sentenced Ruiz.

¶24 Affirmed.

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART