No. 05-178

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 17

_____

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RAMON KOTWICKI,

Defendant and Appellant.

_____

APPEAL FROM:     District Court of the Eighth Judicial District,
                 In and for the County of Cascade, Cause No. ADC 2003-575,
                 The Honorable Thomas M. McKittrick, Presiding Judge.

COUNSEL OF RECORD:

        For Appellant:

            William F. Hooks, Attorney at Law, Helena, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Mark W. Mattioli, Assistant
            Attorney General, Helena, Montana

            Brant Light, County Attorney; Joel Thompson, Deputy County Attorney,
            Great Falls, Montana

_____

Submitted on Briefs:  April 11, 2006

Decided:  January 24, 2007

Filed:

_____
                         Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Ramon Kotwicki (Kotwicki) appeals from the sentence imposed by the Eighth Judicial District, Cascade County, following his conviction for five felony counts of criminal possession of dangerous drugs in violation of § 45-9-102, MCA, and four other misdemeanor drug offenses. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Law enforcement and probation officers performed a probation search of Kotwicki's house in Great Falls. Kotwicki was not present at the search. Officers seized prescription pills, drugs, paraphernalia, and cash from Kotwicki's house. Officers arrested Kotwicki the next day pursuant to a warrant for an alleged violation of his probation based on the results of the probation search. Officers found more drugs, paraphernalia, and cash on Kotwicki and in his car at the time of his arrest. Officers seized a total of $5,303.84 from Kotwicki.

¶3 The State charged Kotwicki with five felony counts of criminal possession of dangerous drugs and four misdemeanor drug offenses. The State did not charge Kotwicki, however, with possession of dangerous drugs with intent to distribute. Kotwicki was convicted on all charges following a bench trial. The State asked the court to sentence Kotwicki to prison time and recommended that the court impose a fine of $25,000. Kotwicki objected to the imposition of the $25,000 fine on the grounds that it would unfairly minimize the credit for time he spent in custody before trial. Kotwicki did not object to the fine on the grounds that the District Court failed to inquire whether he had the ability to pay.

2

¶4     The District Court classified Kotwicki as a persistent felony offender and sentenced him to prison terms for each of the five felony possession counts and jail time for the misdemeanor counts with the sentences to run concurrently. The court further sentenced Kotwicki to pay a fine of $25,000 and applied 391 days of time served toward the fine. The court also applied the $5,303.84 seized from Kotwicki toward his fine, leaving a balance of $1,010.31 for Kotwicki to pay. Kotwicki appeals on grounds that the District Court imposed an illegal sentence.

## STANDARD OF REVIEW

¶5     We review a criminal sentence for legality only; that is, whether the sentence falls within the statutory parameters. *State v. Borsberry*, 2006 MT 126, ¶ 11, 332 Mont. 271, ¶ 11, 136 P.3d 993, ¶ 11.

## DISCUSSION

¶6     *Whether the District Court imposed an illegal sentence on Kotwicki.*

¶7     Kotwicki argues that his sentence is illegal on two grounds. Kotwicki argues first that his sentence is illegal because the District Court failed to inquire and make specific findings as required by § 46-18-231(3), MCA, on Kotwicki's financial resources before imposing the $25,000 fine. Second, Kotwicki argues that the court's failure to consider the factors stated in § 46-18-231(3), MCA, renders the court's application of the seized $5,303.84 toward the $25,000 fine a violation of due process that also results in an illegal sentence. Kotwicki concedes that he did not object on these grounds at sentencing, but maintains that he may raise these issues for the first time on appeal based on our decision in *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979).

3

¶8     We generally refuse to review on appeal an issue to which the party failed to object at the trial court. *Lenihan,* 184 Mont. at 341, 602 P.2d at 999.  Our decision in *Lenihan*, however, provides an exception to the general rule and allows appellate review of a criminal sentence that is alleged to be illegal or in excess of statutory mandates, even if the defendant raised no objection in the trial court.  *Lenihan,* 184 Mont. at 343, 602 P.2d at 1000.

¶9     Kotwicki argues that our decision in *State v. McLeod*, 2002 MT 348, 313 Mont. 358, 61 P.3d 126, compels application of the *Lenihan* rule in this case.  We applied the *Lenihan* rule and reviewed the legality of McLeod's sentence on appeal, even though McLeod lodged no objection to his sentence before the sentencing court.  *McLeod*, ¶ 16. McLeod challenged the legality of his sentence on appeal on grounds that the sentencing court erroneously relied on misinformation in imposing his sentence.  *McLeod,* ¶ 16.  We upheld McLeod's sentence based on the fact that McLeod's failure to object to the mistake constituted a waiver.  *McLeod*, ¶ 26.

¶10     We then considered McLeod's challenge to the legality of the $1,000 fine that the sentencing court imposed, arguing that the court failed to comply with its statutory duty under § 46-18-231, MCA, to consider whether he had the ability to pay such a fine. *McLeod*, ¶ 28.  We reversed the sentencing court's imposition of the $1,000 fine, because the record failed to demonstrate that the sentencing court considered McLeod's ability to pay a fine.  *McLeod,* ¶ 35.

¶11     Kotwicki raises the *Lenihan* rule on identical grounds as those raised in McLeod's challenge to the $1,000 fine imposed by the sentencing court.  Kotwicki contends that the

District Court failed to consider his ability to pay a $25,000 fine as required by § 46-18-231(3), MCA, thereby imposing an illegal sentence. Kotwicki contends that because we reviewed McLeod's claim of an illegal sentence, we also must do so here.

¶12 We note, however, the absence of a *Lenihan* analysis in the Court's review of McLeod's challenge to the $1,000 fine. *McLeod,* ¶¶ 28-35. A closer look at *McLeod* reveals that we considered the *Lenihan* exception only in the context of McLeod's argument that the sentencing court considered misinformation contained in a presentence report in imposing his allegedly illegal sentence. *McLeod*, ¶ 16. Without any analysis, we apparently extended the *Lenihan* rule to McLeod's challenge to the imposition of the $1,000 fine, presumably because McLeod alleged it to be illegal. *McLeod*, ¶ 28.

¶13 A defendant generally need only allege that the court imposed an illegal sentence in order to invoke the *Lenihan* rule. *State v. Garrymore*, 2006 MT 245, ¶ 14, 334 Mont. 1, ¶ 14, 145 P.3d 946, ¶ 14. We consistently have held that a sentence is not illegal if it falls within statutory parameters. *Garrymore,* ¶ 9. We also have determined that a sentencing court's failure to abide by a statutory requirement rises to an objectionable sentence, not necessarily an illegal one that would invoke the *Lenihan* exception. *See State v. Nelson*, 274 Mont. 11, 20, 906 P.2d 663, 668 (1995); *State v. Swoboda*, 276 Mont. 479, 482, 918 P.2d 296, 298 (1996).

¶14 Both *Nelson* and *Swoboda* involve situations where the trial court failed to consider sentencing alternatives as required by § 46-18-225, MCA, before imposing a prison sentence upon a nonviolent offender. The defendants in each case failed to object to the court's error at the sentencing hearing. The court in both instances sentenced the

5

defendants to a term of imprisonment. *Nelson*, 274 Mont. at 20, 906 P.2d at 668; *Swoboda*, 276 Mont. at 482, 918 P.2d at 298.

¶15    The defendants in *Nelson* and *Swoboda* both attempted to invoke the *Lenihan* rule on appeal, arguing that the Court should review their sentences, even though they failed to raise an objection in district court.  Each defendant argued that the district court imposed an illegal sentence in light of the court's failure to abide by the statutory requirements.  *Nelson*, 274 Mont. at 20, 906 P.2d at 668; *Swoboda*, 276 Mont. at 482, 918 P.2d at 298.  In each case, we held that the court, after considering the requirements of § 46-18-225, MCA, legally could have sentenced Nelson and Swoboda to prison, thus the sentences failed to meet the illegality requirement for applying the *Lenihan* rule.  *Nelson*, 274 Mont. at 20, 906 P.2d at 668; *Swoboda*, 276 Mont. at 482, 918 P.2d at 298.

¶16    We decline to apply the *Lenihan* rule here based on our reasoning in *Nelson* and *Swoboda*.  The District Court, had it considered the statutory requirements of § 46-18-231(3), MCA, legally could have imposed a $25,000 fine upon Kotwicki.  Section 46-18-231, MCA, authorizes the court to impose a fine not to exceed $50,000 for each felony offense in addition to or in lieu of a term of imprisonment.  Kotwicki's fine of $25,000 falls within the parameters of that statute, and thus Kotwicki's sentence is not an illegal sentence for the purposes of invoking the *Lenihan* rule.

¶17    The Dissent suggests that our decision to exclude Kotwicki's argument from *Lenihan* review "conflicts with our decision in *Garrymore*."  *See* ¶ 24.  Our decision to deny *Lenihan* review of Kotwicki's claim, however, neither overturns *Garrymore*, nor contradicts our pronouncement in *Garrymore* that "it would ultimately undermine the

6

efficacy of the sentencing process to reject appellate review of sentences where the defendant objected in the district court and changed his theory on appeal, yet allow appellate review of sentences where no objection is made, thereby creating an institutional incentive for defendants to remain silent during sentencing." *Garrymore*, ¶ 13.

¶18 Conversely, allowing appellate review of objectionable, but otherwise legal sentences that had not been raised in district court also would encourage silence during the sentencing process. Appellate review under the *Lenihan* exception, therefore, depends only on whether the defendant raises a plausible allegation that his sentence is illegal, not whether such an argument constitutes a change of theory on appeal. *Lenihan*, in fact, allows review of a change of theory on appeal, regardless of whether the defendant raised the objection at sentencing, as long as such a change of theory alleges that the sentencing court imposed an illegal sentence.

¶19 We employed the *Lenihan* exception and allowed appellate review in *Garrymore* because the defendant raised a plausible argument that the district court imposed an illegal sentence that fell outside of the statutory parameters. The State argued against application of the *Lenihan* exception on the grounds that Garrymore's sentence fell within statutory parameters. *Garrymore*, ¶ 15. The State offered no analysis, however, in support of its contention that Garrymore's sentence fell within the statutory limits. *Garrymore*, ¶ 15. We decided, therefore, to review Garrymore's constitutional challenge to his sentence based on his argument that the sentence exceeded statutory bounds. *Garrymore*, ¶¶ 15-16, 23.

¶20    Garrymore argued that a parole eligibility restriction amounted to an illegal sentencing enhancement because it required a factual determination by a jury, not a sentencing judge. *Garrymore*, ¶ 16. Garrymore contended that his sentence exceeded statutory parameters authorized by § 45-5-102(2), MCA, and violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article II of the Montana Constitution. Garrymore's claim of an illegal sentence allowed us to address the merits of his claim that the parole eligibility restrictions imposed by the district court violated the rule set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000). *Garrymore,* ¶ 15.

¶21    Kotwicki makes no colorable claim here for an illegal sentence. Kotwicki's sentence does not fall outside statutory parameters based on our reasoning in *Nelson* and *Swoboda*. We recognize that § 46-18-231(3), MCA, requires the District Court to consider Kotwicki's ability to pay a fine as well as other factors, including the burden imposed by the fine and the nature of the offense. The record indicates that the District Court actually may have considered such factors in imposing the fine against Kotwicki. For example, Parole and Probation Officer James Clancy (Clancy) testified at Kotwicki's sentencing hearing that Kotwicki maintained employment as a construction worker. Clancy also testified that Kotwicki explained that the cash found in his possession recently had been withdrawn from his personal savings account. The court noted that it was "quite a sum of money," and that it was "possible" that Kotwicki had earned and saved the cash through his job as a laborer. The court could have considered Kotwicki's ability to pay through the determination that Kotwicki had maintained employment over

8

the years and had in his possession a large sum of cash. We will never know for sure, however, if the court considered such factors because the court made no specific findings as to Kotwicki's ability to pay. As a result, we assume that the court failed to consider Kotwicki's financial condition. We conclude that the court's failure to consider the factors as stated in § 46-18-231(3), MCA, however, constituted an objectionable sentence, not an illegal sentence. Kotwicki did not object to the court's sentence on the grounds that it failed to consider his financial position to pay such a fine.

¶22 Kotwicki's failure to object to the court's oversight of Kotwicki's ability to pay the $25,000 fine constituted a waiver that prevents us from reviewing the issue on appeal. A failure to raise an issue before the district court bars the defendant from raising the issue on appeal. Section 46-20-104, MCA. Kotwicki, although alleging an "illegal sentence," fails to present a colorable claim that his sentence fell outside statutory parameters as to warrant our review under the *Lenihan* rule. Thus, we decline to consider Kotwicki's sentence on appeal on both grounds raised.

¶23 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JIM RICE

9

Justice James C. Nelson, concurring in part and dissenting in part.

¶24  I agree with the Court that the threshold question before us is whether Kotwicki has raised "a plausible allegation that his sentence is illegal" under *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979).  *See* Opinion, ¶ 18.  However, I disagree with the Court's ultimate answer to this question.  If we were to adhere to the doctrine of stare decisis and to our recent decision in *State v. Garrymore*, 2006 MT 245, 334 Mont. 1, 145 P.3d 946, we would reach the merits of Kotwicki's sentencing claim.  Unfortunately, the Court embarks on a new course that rests on erroneous interpretations of our *Lenihan* cases and conflicts with our decision in *Garrymore*, thereby creating further confusion and unpredictability in our *Lenihan* jurisprudence.  I therefore dissent from the Court's decision.

I

¶25  Generally, this Court will not consider an issue to which a timely objection was not made in the district court.  *See* §§ 46-20-104(2), -701(2), MCA; *State v. Brister*, 2002 MT 13, ¶ 15, 308 Mont. 154, ¶ 15, 41 P.3d 314, ¶ 15.  However, in *Lenihan*, we recognized the following exception to the timely objection rule:

> It appears to be the better rule to allow an appellate court to review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing.

*Lenihan*, 184 Mont. at 343, 602 P.2d at 1000.

¶26  As the Court notes, Kotwicki objected in the District Court to the imposition of the $25,000 fine; however, he did not base that objection on the legal theory he now raises on

10

appeal—namely, that the District Court failed to inquire whether he had the ability to pay the fine, as required by § 46-18-231(3), MCA.  Rather, his objection in the District Court was that imposition of the fine would unfairly minimize the credit for time he spent in custody before trial.  *See* Opinion, ¶ 3.  As a result, Kotwicki relies on *Lenihan* to obtain review of his sentencing claim in this Court.

¶27    The State argues that "Kotwicki is abusing this Court's *Lenihan* jurisdiction by changing theories on appeal."  I agree with the Court, however, that "[a]ppellate review under the *Lenihan* exception . . . depends only on whether the defendant raises a plausible allegation that his sentence is illegal, not whether such an argument constitutes a change of theory on appeal."  Opinion, ¶ 18; *see also Garrymore*, ¶ 13 (rejecting a virtually identical argument made by the State in that case); *Garrymore*, ¶ 63 (Nelson, J., specially concurring) ("[I]f a challenge to a sentence comes within the meaning of *Lenihan*'s 'illegal or exceeds statutory mandates' concept, then it would be counterintuitive for us to refuse to consider that challenge on the ground that the appellant objected in the district court under one legal theory but now (on appeal) advances a different legal theory."); *Garrymore*, ¶ 66 n.5 (Nelson, J., specially concurring) ("The allegation must, of course, conform to our rules and precedents requiring proper argument and citation.").

¶28    The relevant question, therefore, is whether Kotwicki has made a plausible or colorable allegation of illegality for *Lenihan* purposes.

## II

¶29    We have long held that a court lacks authority to impose a criminal sentence in the absence of statutory authority.  *See State v. Hatfield*, 256 Mont. 340, 346, 846 P.2d 1025,

1029 (1993) ("We have long held that a district court has no power to impose a sentence in the absence of specific statutory authority." (citing *State v. Stone*, 40 Mont. 88, 105 P. 89 (1909), and *State v. Openshaw*, 172 Mont. 511, 565 P.2d 319 (1977))). Indeed, our cases are legion and our law well-settled that a sentencing court's authority to impose a criminal sentence derives from the law; it is not inherent. Thus, a court's authority to sentence exists only to the extent authorized by sentencing statutes. *See State v. Hicks*, 2006 MT 71, ¶ 41, 331 Mont. 471, ¶ 41, 133 P.3d 206, ¶ 41 ("A district court's authority in sentencing a criminal defendant is defined and constrained by statute, and the court has no power to impose a sentence in the absence of specific statutory authority." (citing *State v. Ruiz*, 2005 MT 117, ¶ 12, 327 Mont. 109, ¶ 12, 112 P.3d 1001, ¶ 12)).

¶30    Consistent with these well-established principles, we formulated the *Lenihan* rule from the following language in *State v. Braughton*, 561 P.2d 1040, 1041 n.2 (Or.App. 1977):

> Where, as in this case, it is alleged that a sentencing court has exceeded its statutory authority in imposing a specific sentence, an objection below is not a prerequisite to the challenging of the sentencing order alleged to be void.

*See Lenihan*, 184 Mont. at 342, 602 P.2d at 1000. Thus, we established that we will review a sentence that is alleged to be void on the ground that the sentencing court lacked statutory authority to impose it.

¶31    Here, the District Court ordered Kotwicki to pay a fine of $25,000. The source of the court's authority to do so is § 46-18-231, MCA. Specifically, § 46-18-231(1)(a) provides:

12

Except as provided in subsection (1)(b), whenever, upon a verdict of guilty or a plea of guilty or nolo contendere, an offender has been found guilty of an offense for which a felony penalty of imprisonment could be imposed, the sentencing judge may, in lieu of or in addition to a sentence of imprisonment, impose a fine *only in accordance with subsection (3).* [Emphasis added.]

Section 46-18-231(3), in turn, provides:

The sentencing judge *may not* sentence an offender to pay a fine *unless* the offender is or will be able to pay the fine. [Emphases added.]

Thus, while subsection (1)(a) authorizes the judge to impose a fine, the judge may do so "only in accordance with subsection (3)," which states that the judge "may not" impose a fine "unless" the offender is or will be able to pay it. In other words, the judge simply has no authority to impose a fine under § 46-18-231 until a determination of ability to pay has been made.

¶32 We have previously held that a court's authority to impose a sentence may be contingent on certain prerequisites. For instance, in *State v. Pritchett*, 2000 MT 261, ¶ 7, 302 Mont. 1, ¶ 7, 11 P.3d 539, ¶ 7, we held that "[d]istrict courts are *not authorized* to impose a sentence of restitution *until* all [the] . . . statutory requirements [found in §§ 46-18-241 to -249, MCA,] are satisfied" (emphases added). Under such a statutory scheme, therefore, any sentence imposed by the court *before* the prerequisites to its authority have been fulfilled will be in the absence of statutory authority. A defendant who alleges that his sentence is invalid for this reason may pass through the *Lenihan* gateway and have his claims reviewed on appeal. *See Lenihan*, 184 Mont. at 342, 602 P.2d at 1000 (" 'Where, as in this case, it is alleged that a sentencing court has *exceeded its statutory authority* in imposing a specific sentence, an objection below is not a prerequisite to the challenging

13

of the sentencing order alleged to be void.' " (emphasis added) (quoting *Braughton*, 561 P.2d at 1041 n.2)).

¶33　Kotwicki has made such an allegation.　Quoting § 46-18-231(3), MCA, he points out that a sentencing judge may not sentence an offender to pay a fine " 'unless the offender is or will be able to pay the fine.' "　He then alleges that the sentencing judge in this case "failed to follow the statutory mandate before imposing the $25,000 fine" because the judge "did not undertake a serious inquiry or separate determination regarding Kotwicki's resources or his ability to pay a fine, or the burden of having to do so."　(In this regard, Kotwicki notes that the PSI contained no comment on whether he would be able to pay a fine.)　In addition, Kotwicki points out that the fact that the total amount of the fine ultimately was reduced by credit for time served "does not remedy the [District Court's] failure to follow the statutory mandates prior to imposing a fine."　Thus, he alleges, the $25,000 fine "was not authorized" and "the resultant sentence is illegal."

¶34　Kotwicki's allegations are confirmed by the record before us, which reflects no determination whatsoever by the District Court that Kotwicki is or will be able to pay a $25,000 fine.　Indeed, this Court observes in ¶ 21 that the District Court "made no specific findings as to Kotwicki's ability to pay."　Thus, because § 46-18-231(3) explicitly prohibited the court from imposing a fine until it actually determined that "[Kotwicki] is or will be able to pay the fine," and because such a determination was never made, the court lacked authority to impose the fine—plain and simple.

14

¶35 Accordingly, because Kotwicki alleges that the District Court lacked statutory authority to impose the $25,000 fine because it failed to make the ability-to-pay determination required by § 46-18-231(3), MCA, he has raised a plausible allegation that his sentence is illegal and he may obtain review of his sentencing claim on appeal.

III

¶36 In reaching the opposite conclusion that "Kotwicki makes no colorable claim here for an illegal sentence," Opinion, ¶ 21, the Court makes a number of critical errors. First, the Court interprets "illegal" under *Lenihan* inconsistently with our decision in *Garrymore*. Second, the Court misapplies its new statutory-parameters test to Kotwicki's claim. And third, the Court misapprehends the critical difference between the statutory language at issue in *State v. Nelson*, 274 Mont. 11, 906 P.2d 663 (1995), and *State v. Swoboda*, 276 Mont. 479, 918 P.2d 296 (1996), and the statutory language at issue here.

A

¶37 As noted above, we held in *Lenihan* that an appellate court may "review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing." *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000. Applying this rule in *Garrymore*, we reached the merits of Garrymore's Sixth Amendment and state law claims notwithstanding his failure to raise those claims in the district court. *See Garrymore*, ¶¶ 10, 15.

¶38 Garrymore was able to pass through the *Lenihan* gateway and have his claims reviewed on appeal even though his sentence fell within statutory parameters. Indeed,

15

Garrymore received a sentence of life imprisonment without the possibility of parole, which was within the parameters of § 45-5-102(2), MCA (authorizing a sentence of life imprisonment) and § 46-18-202(2), MCA (authorizing a sentencing court to restrict an offender's parole eligibility). *See Garrymore*, ¶ 24. Yet, notwithstanding our decision in *Garrymore*, the Court reasons in the case at hand that because "Kotwicki's fine of $25,000 falls within the parameters of [§ 46-18-231, MCA], . . . Kotwicki's sentence is not an illegal sentence for the purposes of invoking the *Lenihan* rule." Opinion, ¶ 16. Thus, under the Court's approach today, a defendant's sentence "is not an illegal sentence for the purposes of invoking the *Lenihan* rule" if it "falls within the parameters of [the pertinent] statute."

¶39 This approach is inconsistent with our decision in *Garrymore*, where we reached the merits of the claims raised on appeal even though Garrymore's sentence "[fell] within the parameters of [§§ 45-5-102(2) and 46-18-202(2), MCA]." Thus, the Court's decision today exacerbates an already intolerable situation. As I explained in my special concurrence in *Garrymore*, our applications of the *Lenihan* exception over the past 27 years have not been consistent with respect to any one conceivable definition of "illegal or exceeds statutory mandates." *See Garrymore*, ¶¶ 48, 73-76, 84-101 (Nelson, J., specially concurring). Indeed, our present jurisprudential cafeteria offers up a precedent for whatever version of *Lenihan* best serves a party's particular theory in a given case. And today's decision adds yet another dish to the already cluttered buffet.

¶40 For evidence of the inconsistency furthered by today's decision, one need only look as far as ¶ 13 of the Court's Opinion. The Court points out that a defendant "need

16

only allege that the court imposed an illegal sentence" in order to invoke the *Lenihan* exception, and that "[w]e consistently have held that a sentence is not illegal if it falls within statutory parameters." Thus, according to today's decision, an illegal sentence for *Lenihan* purposes is one which falls outside statutory parameters. As support for this statutory-parameters interpretation of *Lenihan*, however, the Court cites *Garrymore*, even though *Garrymore* conflicts with this very interpretation of *Lenihan*!

¶41 We can only expect to see even more confused arguments from parties in future cases than we already see at present if this Court itself cannot manage to provide a cogent and consistent foundation for the *Lenihan* exception. It is time that this Court either overrules the exception or starts applying it in a manner that is understandable and predictable. The ad hoc approach evidenced by the Court's decision today serves no one.

B

¶42 After enunciating its statutory-parameters interpretation of *Lenihan*, the Court then proceeds to misapply it in the case at hand. The Court reasons that "Kotwicki's fine of $25,000 falls within the parameters of [§ 46-18-231, MCA], and thus Kotwicki's sentence is not an illegal sentence for the purposes of invoking the *Lenihan* rule." Opinion, ¶ 16. This assertion begs the question: What are the parameters of § 46-18-231? The Court states that § 46-18-231 "authorizes the court to impose a fine not to exceed $50,000 for each felony offense in addition to or in lieu of a term of imprisonment." Opinion, ¶ 16. True, $50,000 is one of the parameters of § 46-18-231. *See* § 46-18-231(4), MCA ("Any fine levied under this section in a felony case shall be in an amount fixed by the sentencing judge not to exceed $50,000."). But, it is not the *only*

17

parameter. Another parameter—the one at issue here—is that the fine must be one that the offender has the ability to pay. *See* § 46-18-231(3), MCA ("The sentencing judge may not sentence an offender to pay a fine unless the offender is or will be able to pay the fine."). In other words, the upper parameter of § 46-18-231 is not merely $50,000; rather, it is the amount the offender "is or will be able to pay," but no more than $50,000.

¶43 To ignore this requirement is to render the ability-to-pay language superfluous; the Legislature could simply have stated: "The sentencing court may impose a fine not to exceed $50,000." Period. Moreover, the Court's reasoning leads one to ask: What if the subsection (4) limitation of $50,000 did not exist? Would § 46-18-231 then be parameter-less? Would we in such circumstance ignore the ability-to-pay limitation provided in subsection (3) (as the Court seems to do here) and declare that any fine imposed—even a $25 million fine—is not an illegal sentence for the purposes of invoking the *Lenihan* exception because it falls within the parameters of § 46-18-231, which are $0 to infinity? This obviously absurd result is, nonetheless, the logical extension of the Court's failure to acknowledge *all* of the statutory parameters set forth in § 46-18-231.

¶44 It is intellectually dishonest for this Court to assert that Kotwicki's sentence falls within the parameters of § 46-18-231 because his sentence falls within *some*, though not necessarily *all*, of those parameters. Unfortunately, the Court today either has elected to ignore an essential parameter of § 46-18-231, MCA, or has determined, on its own, that Kotwicki is, in fact, able to pay the $25,000 fine imposed by the District Court. Even if I agreed with the Court's statutory-parameters approach in this case—which I do not, *see*

18

*Garrymore*, ¶¶ 66-72, 84-89, 102-04 (Nelson, J., specially concurring)—I would not join the Court in ignoring statutory language or assuming facts not in the record. *See* § 1-2-101, MCA ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or *to omit what has been inserted*." (emphasis added)); *State v. Ditton*, 2006 MT 235, ¶ 81, 333 Mont. 483, ¶ 81, 144 P.3d 783, ¶ 81 (Nelson, J., dissenting) ("[W]e should not be 'infer[ring]' the answers to the dispositive legal questions before us." (second alteration in original)).

C

¶45    Lastly, setting aside the Court's deviation from our decision in *Garrymore* and the Court's ill-conceived statutory-parameters test (which does not withstand close scrutiny as applied to the facts of this case), I disagree with the strained analogy the Court draws between the case at hand and our decisions in *Nelson* and *Swoboda*.

¶46    In both *Nelson* and *Swoboda*, the defendants argued on appeal that because they qualified as nonviolent felony offenders, Montana law required the respective sentencing judges to consider alternatives to incarceration when sentencing them.  However, neither Nelson nor Swoboda had raised this issue in the lower courts.  *See Nelson*, 274 Mont. at 17-18, 906 P.2d at 666-67; *Swoboda*, 276 Mont. at 481, 918 P.2d at 297-98.

¶47    In addressing the applicability of the *Lenihan* exception in *Nelson*, we reasoned as follows:

> Sections 46-18-201(11) and 46-18-225, MCA, do not preclude a court from sentencing a nonviolent felony offender to prison. . . .  Although these statutes require consideration of alternatives to imprisonment, such

19

consideration would not have necessarily changed the court's final sentence for Nelson. Nelson's sentence of ten years is not in excess of the maximum *statutorily authorized* by § 45-5-202(3), MCA.

Sections 46-18-201(11) and 46-18-225, MCA, impose an affirmative duty upon the court to take certain matters into consideration in sentencing. If the court fails to abide by this requirement, the sentence is subject to challenge or objection. That does not mean, however, that in the absence of an objection, the sentence is thereby illegal. The District Court, after considering the criteria in § 46-18-225, MCA, and stating its reasons why alternatives to imprisonment were not selected as required by § 46-18-201(11), MCA, *could still have legally sentenced Nelson to ten years in prison*. Thus, Nelson's sentence does not come within the exception found in *Lenihan* and *Hatfield*.

*Nelson*, 274 Mont. at 19-20, 906 P.2d at 668 (emphases added). We reached the same conclusion in *Swoboda* based on essentially the same reasoning. *See Swoboda*, 276 Mont. at 482, 918 P.2d at 298.

¶48 *Nelson* and *Swoboda* make clear that an allegation that the sentencing court did not impose a *particular* sentence within the range *authorized* by the applicable punishment statutes is not the kind of error for which the *Lenihan* exception may be invoked. However, Nelson's and Swoboda's situations are readily distinguishable from Kotwicki's.

¶49 Nelson's and Swoboda's sentences of ten years and fifteen years, respectively, were authorized by § 45-5-202(3), MCA (Nelson) and § 45-5-625(2)(b), MCA (Swoboda). *See Nelson*, 274 Mont. at 20, 906 P.2d at 668; *Swoboda*, 276 Mont. at 482, 918 P.2d at 298. In imposing these sentences, the sentencing courts each had an "affirmative duty" under §§ 46-18-201(11) and -225, MCA, to consider alternatives to imprisonment. However, an affirmative duty is quite different from a limitation or

20

condition on the court's authority to act. Sections 46-18-201(11) and -225 required consideration of alternatives to imprisonment, but they did *not* state that the sentencing judge "may not" sentence a nonviolent felony offender to prison "unless" alternatives to imprisonment are inappropriate for or inapplicable to the offender. Indeed, we explained in *Nelson* that "[s]ections 46-18-201(11) and 46-18-225, MCA, do not preclude a court from sentencing a nonviolent felony offender to prison." *Nelson*, 274 Mont. at 19, 906 P.2d at 668.

¶50 The statutory language at issue here, by contrast, *does* preclude a court from imposing a fine. Specifically, § 46-18-231(3) provides that "[t]he sentencing judge *may not* sentence an offender to pay a fine *unless* the offender is or will be able to pay the fine" (emphases added). This is the crucial distinction between *Nelson/Swoboda* and the case at hand—a distinction which, unfortunately, has eluded the Court today. Whereas consideration of alternatives to imprisonment was not a prerequisite to or limitation on the judge's authority to impose a sentence of imprisonment in *Nelson* and *Swoboda*, a determination that the offender is or will be able to pay *is* a prerequisite to and limitation on the judge's authority to impose a fine on Kotwicki.

¶51 Even under the Court's statutory-parameters test, *Nelson* and *Swoboda* are readily distinguishable from the case at hand. Nelson's sentence of ten years fell within the parameters of § 45-5-202(3), MCA (1993) (authorizing a sentence "not to exceed 10 years" in the state prison), and Swoboda's sentence of fifteen years fell within the parameters of § 45-5-625(2)(b), MCA (1993) (authorizing a sentence "not to exceed 50 years" in the state prison). However, the statutory parameters at issue here are the

21

amount Kotwicki "is or will be able to pay" and "not to exceed $50,000." Section 46-18-231(3), (4), MCA. Unless we engage in our own fact-finding—an action of dubious propriety—there is simply no way for us to know on the record before us whether Kotwicki's sentence falls within these parameters, since the District Court made no specific findings as to the amount Kotwicki "is or will be able to pay." If the most Kotwicki "is or will be able to pay" is, in actual fact, $10,000, then the statutory parameters are $0 to $10,000, and the $25,000 fine is not within statutory parameters. (It falls within the parameters of subsection (4), but not subsection (3).)

¶52 The Court contends that "[t]he District Court, had it considered the statutory requirements of § 46-18-231(3), MCA, legally could have imposed a $25,000 fine upon Kotwicki." Opinion, ¶ 16. This, however, is a flat-out misstatement of the statutory language, since a court's legal authority to impose a fine does not arise from mere "consideration" of the statutory requirements of § 46-18-231(3). For instance, assume that the District Court "considered the statutory requirements of § 46-18-231(3)," and that, in so doing, the court determined that Kotwicki is or will be able to pay a fine of only $10,000. In this scenario, even though the court did as this Court posits—namely, "considered the statutory requirements of § 46-18-231(3)"—it legally could *not* have imposed a $25,000 fine upon Kotwicki. The relevant question, therefore, is whether the District Court legally could have imposed a $25,000 fine upon Kotwicki *without* first determining that Kotwicki is or will be able to pay it. The answer to this question, as § 46-18-231(3) makes clear, is a resounding "No!"

22

¶53 To be sure, I do not disagree with the Court's analogy between *Nelson*/*Swoboda* and the *second* sentence of § 46-18-231(3), which states as follows: "In determining the amount and method of payment, the sentencing judge shall take into account the nature of the crime committed, the financial resources of the offender, and the nature of the burden that payment of the fine will impose." Taking these factors into account is *not* a prerequisite to or limitation on the court's authority to impose a fine; rather, the specific contingency on the court's authority is contained only in the *first* sentence of § 46-18-231(3).

¶54 The plain language of the statute makes this distinction clear. "The sentencing judge *may not* sentence an offender to pay a fine *unless* the offender is or will be able to pay the fine." Section 46-18-231(3), MCA (emphases added). Once the judge makes that determination, the judge has the authority to impose a fine up to the amount the offender is or will be able to pay, but no more than $50,000. Next, "[i]n determining the amount and method of payment, the sentencing judge *shall* take into account the nature of the crime committed, the financial resources of the offender, and the nature of the burden that payment of the fine will impose." Section 46-18-231(3), MCA (emphasis added). However, failure to take these factors into account when determining the amount and method of payment does not divest the court of its authority to impose the fine in the first place; rather, taking these factors into account is merely an "affirmative duty" in the same sense that consideration of alternatives to imprisonment was an "affirmative duty" in *Nelson* and *Swoboda*. Whether the court fulfills that duty or not, its authority to impose the fine (within the limits provided elsewhere in § 46-18-231) still exists.

23

¶55 For these reasons, Kotwicki's sentencing claim is distinguishable in all material respects from the sentencing claims at issue in *Nelson* and *Swoboda*, and the result the Court reaches here is, therefore, not supported by those cases.

IV

¶56 In conclusion, the Court's resolution of Kotwicki's sentencing claim conflicts with our decision in *Garrymore*. The Court relies on a statutory-parameters interpretation of the *Lenihan* exception, which is inconsistent with our reaching the merits of Garrymore's sentencing claims. As a result, the Court creates further confusion and uncertainty in an already muddled *Lenihan* jurisprudence. Moreover, the Court ultimately misapplies its statutory-parameters test by failing to identify correctly the parameters set forth in § 46-18-231, MCA.

¶57 Kotwicki's allegation that the District Court did not have authority to impose the $25,000 fine on him because the court did not make the prerequisite determination of his ability to pay the fine is sufficient to invoke the *Lenihan* exception. The Court has misapplied the exception and, therefore, has erroneously refused to review the merits of Kotwicki's claims, which are quickly disposed of, as follows.

¶58 Because the District Court failed to determine that Kotwicki "is or will be able to pay the fine," as required by § 46-18-231(3), the court had no authority to impose the fine. Moreover, as a result of the court's omission, we do not know whether, as applied to Kotwicki, the upper parameter of § 46-18-231 is $50,000 or something less (corresponding to what Kotwicki "is or will be able to pay").

24

¶59 Accordingly, the judgment of the District Court should be reversed as to this portion of Kotwicki's sentence and the case should be remanded for resentencing pursuant to a proper application of § 46-18-231, MCA. "If this Court will not hold district courts . . . to the requirements so clearly spelled out by the Montana Legislature, who will?" *In re A.S.*, 2006 MT 281, ¶ 64, 334 Mont. 280, ¶ 64, 146 P.3d 778, ¶ 64 (Gray, C.J., dissenting).

¶60 I dissent from the Court's decision.


/S/ JAMES C. NELSON