DA 12-0220

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 278N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TROY BUTLER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Beaverhead, Cause No. DC 11-3410
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Jason Armstrong; Law Office of Jason Armstrong, P.C,
Bozeman, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

            Jed C. Fitch, Beaverhead County Attorney; Evan O. Moppert,
Dillon, Montana

Submitted on Briefs:  November 8, 2012

Decided:  December 4, 2012

Filed:

_____
                           Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Troy Butler appeals from the District Court's order filed March 13, 2012 revoking his probation and imposing sentence. We affirm.

¶3    In February 2010, Butler was charged in Justice Court in Beaverhead County with two counts of hunting without landowner permission. He pled guilty to those offenses in March 2010. The Justice Court sentenced Butler to six months in jail on each count, with the sentences suspended upon Butler's compliance with a number of conditions. One of those conditions was that Butler could not hunt or accompany any other person "while hunting, fishing and/or trapping." Butler did not appeal.

¶4    In December 2010, Warden Murphy of the Montana Department of Fish, Wildlife and Parks discovered that Butler had participated in a coyote calling and shooting event held in New Mexico. The information included a photograph of Butler and his team mate for the event, posing with rifles and dead coyotes. In January 2011, the State filed a motion to revoke the suspended sentence in Justice Court based upon the information from New Mexico. The Justice Court revoked the suspended sentences and Butler appealed to District Court.

¶5     In the proceedings in District Court Butler admitted that he hunted in New Mexico and that he did so with another individual. He admitted that this constituted a violation of the conditions of his prior suspended sentences. The District Court revoked the prior suspended sentences, imposing some jail time and some fines, and re-suspending the remainder of the jail time and the fines. In addition, the District Court continued the prior condition that Butler not accompany any other person while hunting, fishing or trapping.

¶6     On appeal Butler contends that the State lacks jurisdiction to control his hunting activities outside the State of Montana; that the condition that he not accompany any other person while hunting was an abuse of discretion; and that the District Court lacked the power to preclude him from hunting in "compact" states.

¶7     The conditions that Butler complains of were imposed first by the Justice Court and then by the District Court upon Butler's appeal, as conditions of suspended sentences imposed after Butler pled guilty to the two offenses in 2010. Upon a guilty plea to an offense, a court may suspend execution of the sentence. Section 46-18-201(2), MCA. The court may impose any reasonable restrictions or conditions that the defendant must follow during the period of a suspended sentence, including any "reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society." Section 46-18-201(4), MCA. Conditions may include restriction on freedom of association and freedom of movement, *State v. Muhammad*, 2002 MT 47, ¶ 24, 309 Mont. 1, 43 P.3d 318, and "any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society." Section 46-18-202(1), MCA. Conditions of a suspended sentence must have a "nexus" to the offense or to the offender.

3

*State v. Zimmerman*, 2010 MT 44, ¶ 17, 355 Mont. 286, 228 P.3d 1109.  These same principles apply to offenses involving hunting violations.  *State v. Ruiz*, 2005 MT 117, ¶ 17, 327 Mont. 109, 112 P.3d 1001.

¶8     As in *Ruiz*, the conditions imposed upon Butler were occasioned by his long history of repeated criminal offenses relating to hunting and property access for hunting, both in Montana and in other states.  At the time of his 2010 offenses in Montana, for example, Butler had lost his hunting privileges in Utah for hunting violations in that state.  That resulted in a hunting license suspension until 2019.  Warden Murphy testified in District Court that restrictions on accompanying others who are hunting serve to prevent offenders from being in hunting situations where they could re-offend.  Butler's record of prior offenses shows that he cannot be trusted to be in hunting situations without re-offending.  Therefore, the conditions imposed by the District Court were reasonable and not an abuse of discretion.  *Ruiz*, ¶ 22.

¶9     Butler argues that *State v. Gatts*, 279 Mont. 42, 928 P.2d 114 (1996), controls his case and that under § 87-1-102, MCA (2009), the District Court was precluded from imposing the disputed conditions on his suspended sentence.  Whatever the ongoing merits of *Gatts* after the repeal of § 87-1-102, MCA, it does not apply here.  *Gatts* addressed the specific charges that could be brought against a defendant charged with violations of hunting regulations and was based upon a statute that has since been repealed.  *Gatts* did not address the conditions of a suspended sentence imposed under §§ 46-18-201 and -202, MCA.  *Ruiz*, ¶ 17.

4

¶10 Butler contends that the State of Montana lacks the power to control his conduct outside of this State, and that his coyote hunt was not only in New Mexico but on the Navajo Reservation. It is well established that a defendant's probation can be revoked for acts outside the jurisdiction, even if those acts are legal in the other jurisdiction. *United States v. Dane*, 570 F.2d 840, 845 (9th Cir. 1977).

¶11 Last, Butler contends that the District Court lacked the power to enforce the Interstate Wildlife Violator Compact, § 87-1-801, MCA, and that only the Department of Fish, Wildlife and Parks could do so. The Compact allows member states, including Montana, to recognize hunting license suspensions imposed by other Compact states. As noted above, Butler's hunting privileges were revoked in Utah prior to the time the District Court acted in this case, and the Montana DFWP had recognized that revocation. Butler's argument is not supported by the facts or by the provisions of the Compact.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion.

¶13 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE
/S/ BRIAN MORRIS