

DA 12-0553

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 168

CITY OF MISSOULA,

      Plaintiff and Appellee,

  v.

JOHN STEVEN GIRARD,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-12-214
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Jeffrey T. Renz, University of Montana School of Law, Missoula,
Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

            Jim Nugent, Missoula City Attorney, Gary L, Hendricks, Deputy City
Attorney, Missoula, Montana

Submitted on Briefs:  April 10, 2013

Decided:  June 20, 2013

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 The Missoula Municipal Court found John Steven Girard guilty of disorderly conduct, a misdemeanor, in violation of § 45-8-101, MCA. Girard appealed to the Fourth Judicial District Court, Missoula County, which affirmed the conviction. Girard now appeals to this Court. We reverse on the single issue regarding Girard's request for a jury trial.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2 Girard was cited with disorderly conduct on November 6, 2011. He entered a plea of not guilty. On November 7, the Municipal Court issued a Scheduling Order. Among other things, the Scheduling Order set a hearing for February 15, 2012, "to confirm jury or to enter a change of plea." The order further stated (in large print) that "Defendant and his/her attorney must be present at this hearing. Defendant's failure to appear shall be deemed a waiver of jury and the Court shall set a non-jury trial." Girard signed this document, acknowledging that he had received a copy of it.

¶3 On January 4, 2012, the Missoula City Attorney and Girard's counsel signed an Omnibus Hearing Memorandum and Scheduling Order. In addition to identifying affirmative defenses, discovery requirements, and motions in limine, the memorandum and order specifically stated (in bold print): "The defendant's failure to appear at the final pre-trial hearing will constitute a waiver of jury trial."

¶4 Girard and his attorney both appeared, as required, for the February 15, 2012 hearing. At that time, the Municipal Court set the final pretrial hearing for March 14 and a jury trial for March 15. However, although Girard's counsel appeared for the March 14

2

hearing, Girard himself did not appear.[1]  Girard's counsel advised the Municipal Court that Girard was developmentally disabled and that his disability likely explained his absence from the March 14 hearing.  Counsel objected to resetting the case for a nonjury trial.  Nevertheless, the Municipal Court deemed Girard's nonappearance as a waiver of his right of trial by jury.  The court set another final pretrial hearing for April 10 and a nonjury trial for April 16.  The court indicated to Girard's counsel, however, that it would reconsider its decision regarding Girard's waiver if counsel presented evidence of Girard's disability.

¶5  Girard and his counsel appeared for the April 10, 2012 final pretrial hearing.  At that time, Girard orally moved to vacate the April 16 bench trial and reset the matter for a jury trial.  The Municipal Court denied the motion.  The next day, Girard filed a Motion to Reconsider Defendant's Motion to Set Jury Trial.  Girard represented that his absence from the March 14 hearing had been due to his developmental disabilities and medical conditions which affected his memory.  Girard attached to his motion the affidavit of Rhonda Eickholt, an advanced practice registered nurse in the field of mental health.  The affidavit states, in pertinent part:

2.   Mr. Girard has been a patient of mine since October 2011.
3.   Mr. Girard has a positive history of traumatic brain injury from a severe accident as a child.
4.   Mr. Girard has cognition, memory, stress, and anxiety difficulties as well as symptoms of attention deficit hyperactivity disorder.
5.   Mr. Girard struggles with hearing issues which can impair his responses to and cues from the environment.

---

[1] Counsel represents in Girard's opening brief on appeal that Girard arrived at the courthouse one hour late.

6. Mr. Girard's medical issues contribute to the difficulties he has with meeting and keeping appointments, deadlines, and being organized in general.
7. I understand that Mr. Girard missed a court appointment. This would not be unusual considering his memory and cognitive issues.
8. It is necessary to take Mr. Girard's medical issues into consideration when setting appointments and deadlines and to make reasonable accommodations for them.

Girard also submitted his medical records from Providence St. Patrick Hospital. These records, dated November 3, 2011, indicated that Girard suffers from panic attacks and a seizure disorder, that he was being treated by a psychologist, and that he had been prescribed numerous daily medications including Phenytoin, Phenobarbital, Klonopin, Lortab, Flexeril, and Vyvanse. Girard's medical records indicated, as well, that due to his disabilities, Girard was receiving services from a personal care attendant.

¶6 The Municipal Court summarily denied Girard's motion on April 16, 2012, and proceeded to a nonjury trial that same day. The Municipal Court found Girard guilty of disorderly conduct.

¶7 Girard appealed his conviction to the District Court, arguing that the Municipal Court had incorrectly interpreted the disorderly conduct statute (§ 45-8-101, MCA), that the disorderly conduct statute, as interpreted by the Municipal Court, is unconstitutionally overbroad, and that the Municipal Court had abused its discretion in denying Girard his right to a jury trial. The District Court affirmed, concluding that the Municipal Court had correctly interpreted the disorderly conduct statute and that Girard's conviction was supported by substantial evidence. The District Court further determined, based on *City of Missoula v. Cox*, 2008 MT 364, 346 Mont. 422, 196 P.3d 452, and *State v. Trier*, 2012

4

MT 99, 365 Mont. 46, 277 P.3d 1230, that Girard's failure to appear at the March 14, 2012 hearing, "without more evidence of a disability," constituted a waiver of Girard's right to a jury trial. This appeal followed.

## ISSUE

¶8    Girard raises three issues on appeal. First, he asserts that the District Court "incorrectly interpreted and incorrectly applied" § 45-8-101, MCA. We construe his ensuing analysis to be, in substance, an argument that the evidence presented at trial was insufficient to support his conviction for disorderly conduct. Second, Girard argues that the Municipal Court abused its discretion when it denied him his right of trial by jury. Third, Girard challenges the admission of a 911 report on grounds of hearsay and his Sixth Amendment right of confrontation. Because we conclude that it is necessary to reverse and remand this case for a retrial based on Girard's right of trial by jury, we need not, and do not, address his sufficiency-of-the-evidence and hearsay/confrontation arguments. We restate the dispositive issue as follows: Did the District Court correctly determine, on appeal from the Municipal Court, that Girard's failure to appear at the March 14, 2012 final pretrial hearing constituted a waiver of his right of trial by jury?

## STANDARDS OF REVIEW

¶9    On Girard's appeal from the Municipal Court, the District Court functioned as an intermediate appellate court. *See* §§ 3-5-303 and 3-6-110, MCA. On Girard's appeal to this Court, we review the case as if the appeal originally had been filed in this Court. *City of Bozeman v. Cantu*, 2013 MT 40, ¶ 10, 369 Mont. 81, 296 P.3d 461. We examine

5

the record independently of the District Court's decision, applying the appropriate standard of review. *Cantu*, ¶ 10.

¶10 We review de novo a lower court's conclusions of law and interpretations of the Constitution. *Cox*, ¶ 5; *Trier*, ¶ 10. Our review of questions involving constitutional law is plenary. *Cox*, ¶ 5; *Trier*, ¶ 10. We review discretionary trial court rulings, including trial administration issues, for abuse of discretion. *State v. Price*, 2006 MT 79, ¶ 17, 331 Mont. 502, 134 P.3d 45. Judicial discretion, however, must be guided by the rules and principles of law. *Price*, ¶ 17. A court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Wohl v. City of Missoula*, 2013 MT 46, ¶¶ 28, 57, 369 Mont. 108, 300 P.3d 1119.

## DISCUSSION

¶11 Article II, Section 26 of the Montana Constitution provides the right of trial by jury. It states: "The right of trial by jury is secured to all and shall remain inviolate. But upon default of appearance or by consent of the parties expressed in such manner as the law may provide, all cases may be tried without a jury . . . ." Mont. Const. art. II, § 26. Furthermore, by statute, a defendant who is charged with a misdemeanor offense "may appear by counsel only, although the court may require the personal attendance of the defendant at any time." Section 46-16-120, MCA. These constitutional and statutory provisions are the foundation upon which we resolve the instant question.

¶12 Girard does not dispute that a court may require the personal attendance of the defendant in misdemeanor cases. Girard also does not dispute that a defendant's failure

6

to appear when directed to do so may constitute a waiver of the right of trial by jury. Girard objects, however, to a rigid "he missed his court date, therefore he waived his jury" rule. He argues that a waiver premised on the defendant's default of appearance is not effective where circumstances inhibited the defendant from complying with the court's order. He proffers, for example, that if a defendant attempted to appear at the designated time for a hearing only to find the courtroom door locked, this would not constitute a valid waiver of his right to a jury trial. Or if the courtroom was inaccessible to a disabled defendant, his failure to appear could not be construed as a waiver. Similarly, in the present case, Girard reasons that his disabilities and medical conditions, of which the Municipal Court was made aware, interfered with his ability to appear on time for the final pretrial hearing held March 14, 2012. He argues that the Municipal Court, therefore, abused its discretion in treating his failure to appear as a valid waiver.

¶13 The City, on the other hand, contends that Girard's failure to appear, and the resulting waiver of his right to a jury trial, are controlled by the law stated in *Cox* and *Trier*. Citing these two cases, the City asserts the categorical rule that "a defendant's nonappearance for a mandatory pretrial conference is a waiver of his right to a jury trial." The City further argues that the record, in any event, does not support a determination that Girard's disabilities prevented him from appearing for the March 14 hearing.

¶14 We conclude that the City has misinterpreted our holdings in *Cox* and *Trier*. These two precedents, in addition to the aforementioned constitutional and statutory provisions, establish that a misdemeanor defendant may waive his or her right of trial by jury by failing to appear as directed by the court. However, an automatic finding of

7

waiver due to nonappearance, without consideration of the circumstances of the particular case, would be contrary to Article II, Section 26 and, more specifically, the language of that provision stating that a case "may" be tried without a jury upon default of appearance.

¶15    In *Cox*, a notice similar to that issued by the Municipal Court in the present case stated that "[f]ailure to appear by Defendant and counsel will be considered a waiver of jury." *Cox*, ¶ 2.  Because Cox did not appear with his defense counsel at the hearing, the court concluded that he had waived his right to a jury trial and issued a notice setting a nonjury trial.  The nonjury trial was twice continued on Cox's motion.  Then, two days prior to the final setting, Cox filed an objection to the nonjury trial.  Cox did not appear for the trial, at which time the court heard defense counsel's argument on the objection, overruled the objection, and then proceeded with the nonjury trial in Cox's absence, finding him guilty of the charges.  *Cox*, ¶ 3.

¶16    On appeal, Cox did not raise a *factual* argument that his waiver was invalid, as Girard has done here.  Rather, Cox raised a *legal* argument that a court cannot treat a defendant's nonappearance as a waiver of his right of trial by jury.  *Cox*, ¶ 8.  This Court held that "[a] simple reading of Section 26 demonstrates that a default of appearance by a defendant may result in a non-jury trial." *Cox*, ¶ 11.  We explained that "[t]he language of Section 26 is unambiguous and unqualified.  It clearly allows for trial without a jury upon the defendant's failure to appear, notwithstanding the defendant's lack of explicit agreement that his non-appearance results in a waiver." *Cox*, ¶ 10.  But we did not state that a court must always find waiver upon every instance of a defendant's failure to

8

appear. Indeed, as noted, the constitutional provision specifically provides that the court "may" try the case without a jury. Any rule to the contrary is inconsistent with Article II, Section 26.

¶17 We revisited *Cox* and Article II, Section 26 in *Trier*. After four trial continuances to accommodate Trier's college schedule, both Trier and his counsel failed to appear at the final pretrial conference because counsel had inadvertently miscalendared the pretrial conference date. The court deemed this nonappearance to be a waiver and set a nonjury trial, at which time Trier was found guilty. *Trier*, ¶¶ 3-7. In upholding the court's ruling, we noted that "Trier's waiver was not forced upon him. Trier's waiver resulted from his failure to appear for his final pretrial conference—due to his counsel's scheduling error—despite multiple orders from the Justice Court mandating his appearance and warning him that failure to be present would result in a waiver of his right to a jury trial." *Trier*, ¶ 15. This situation in *Trier*, involving a careless oversight by counsel, is distinguishable from a situation, like the present case, where the defendant's developmental disabilities and medical conditions prevent or pose a barrier to his ability to arrive promptly at the time set for the final pretrial hearing.

¶18 We are very much aware of the demands placed on the trial courts—both limited and general jurisdiction—and the need for trial courts to manage jury panels, issue jury summonses, and handle overburdened trial schedules. These management concerns are further complicated by the uncertainty of whether a given matter will be resolved by plea agreement or whether trial counsel will request a continuance. In this environment, *Cox* and *Trier* recognize that, under Article II, Section 26, a trial court *may* deem a

9

defendant's right of trial by jury waived due to nonappearance at a designated hearing. We do not, by our decision herein, intend to undermine or abrogate our holdings in those cases.

¶19    Nevertheless, the constitutional and statutory provisions must not be interpreted in such a manner as to permit a categorical rule of automatic waiver whenever a defendant fails to appear for a mandatory hearing, particularly where circumstances are present which call into question the defendant's ability to comply with the court's order requiring his appearance.  Article II, Section 26 provides that, upon default of appearance, the case "may" be tried without a jury.  This language grants the trial court discretion to manage the proceedings and to conduct the trial without a jury where the defendant has failed to appear for a mandatory hearing.  It does not, however, mandate waiver in every instance. In exercising its discretion, and in deeming a defendant's nonappearance to be a waiver of his or her fundamental right of trial by jury, the court must remain mindful of any circumstances, demonstrated by the defendant, that inhibited his or her ability to comply with the court's order.

¶20    In this instance, Girard appeared at all mandatory hearings except the March 14, 2012 final pretrial hearing.  Girard's counsel appeared at the March 14 hearing and represented that his client's absence likely was due to his disabilities.  Counsel asked that Girard's jury trial not be waived.  The Municipal Court nonetheless deemed Girard's absence to be a waiver of the jury trial, although the court invited Girard's counsel to file a motion to reconsider that ruling.  Girard's counsel thereafter filed a motion to reconsider and supported the motion with an affidavit from one of Girard's mental health

providers. Counsel also provided Girard's medical records. These documents substantiated the existence of a significant brain injury and developmental disability, as well as memory and cognitive issues, consistent with an inability to make timely appearances. Eickholt's unrebutted affidavit states that "Mr. Girard's medical issues contribute to the difficulties he has with meeting and keeping appointments, deadlines, and being organized in general." The affidavit further states that "[i]t is necessary to take Mr. Girard's medical issues into consideration when setting appointments and deadlines and to make reasonable accommodations for them." In light of this affidavit and Girard's medical records, combined with defense counsel's appearance and affirmative representation at the March 14 hearing that Girard was not waiving his right of trial by jury, we conclude that the Municipal Court abused its discretion in deeming Girard's failure to appear at that hearing as a waiver of his right to a jury trial, and the District Court likewise erred in upholding this ruling.

¶21 For the foregoing reasons, the District Court's decision is reversed. We remand this case with instructions to vacate Girard's conviction and for a new trial consistent with this Opinion. In so doing, we do not reach the first and third issues presented in Girard's brief.

¶22 Reversed and remanded for further proceedings.

/S/ LAURIE McKINNON

We Concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS


Justice Jim Rice, dissenting.

¶23 I believe the Court faults the Municipal Court for errors it did not make and that this decision will cause confusion and undermine the processing of cases filed in courts of limited jurisdiction.

¶24 Crediting Girard's argument that the Municipal Court imposed "a rigid 'he missed his court date, therefore he waived his jury' rule," the Court faults the Municipal Court for imposing "a categorical rule of automatic waiver" for Girard's failure to appear, reasoning that "an automatic finding of waiver due to nonappearance, without consideration of the circumstances of the particular case" is improper. Opinion, ¶¶ 12, 14, 19. However, the record does not support the conclusion that the Municipal Court imposed such a categorical rule.[1] After deeming Girard's default in appearance as a waiver of his right to a jury trial, the Municipal Court responded to defense counsel's objection by stating it was willing to reconsider the waiver determination and asked

---

[1] The Court mischaracterizes, in my view, the City's argument in the same way. The Court states that "the City asserts the categorical rule that 'a defendant's nonappearance for a mandatory pretrial conference is a waiver of his right to a jury trial.'" Opinion, ¶ 13. However, the City does not use the term "categorical rule" or argue for application of such a rule. Rather, the City's argument merely states the legal principle we approved in *Trier* and *Cox*. The Court recognizes in ¶ 16 that the *Cox* holding was premised upon a legal, as opposed to factual, determination.

counsel to present evidence concerning Girard's disability. Thus, the Municipal Court imposed no "categorical rule of automatic waiver." Rather, it provided Girard with an opportunity to demonstrate that there was good cause for his default that would justify setting it aside. The Court's declaration that "*Cox* and *Trier* recognize that, under Article II, Section 26, a trial court *may* deem a defendant's right of trial by jury waived due to nonappearance," but the Constitution does not "permit a categorical rule of automatic waiver," Opinion, ¶¶ 18, 19, merely attacks the straw man proposition that the Municipal Court acted inconsistently with that principle. However, the Municipal Court, instead of applying a rule of automatic waiver, undertook reconsideration of the matter and reviewed the evidence Girard offered in explanation for his failure to appear. I don't know what more the Court wants—the Court does not explain what procedure the Municipal Court should have employed—and courts of limited jurisdiction will likewise be hard pressed to know what more the Court wants in order to avoid the assertion that they are applying a "categorical rule of automatic waiver."

¶25 After reconsideration, the Municipal Court, based upon review of Girard's evidence, concluded that good cause for Girard's nonappearance had not been demonstrated, and affirmed the waiver. The District Court agreed, and so do I. First, I would note that Girard's assertion that he appeared only an hour late was not entered into the record by Girard and, therefore, could not have been part of the Municipal Court's determination. I would thus disregard it. Then, Girard produced evidence indicating that he suffered from a cognitive disability and other medical issues. However, regarding his default in appearance, his mental health nurse's affidavit merely stated that "miss[ing] a

13

court appointment . . . would not be unusual considering his memory and cognitive issues." Although this demonstrates that Girard has a general difficulty with remembering appointments, it fails to demonstrate that Girard's default in this particular appearance was caused by, or related to, his difficulties.[2] The Court's reversal of the District Court and the Municipal Court on this evidence essentially grants a license for Girard to miss all court appointments, because he generally has trouble remembering them.

¶26 I would affirm the District Court's holding that the Municipal Court's handling of the matter was procedurally appropriate, and that it did not abuse its discretion in denying Girard's request to set aside his default in appearance upon the evidence Girard here presented.

¶27 I dissent.


/S/ JIM RICE

---

[2] The additional averments in the affidavit cited by the Court in ¶ 20 likewise fail to demonstrate that Girard's condition had any direct impact on the particular nonappearance at issue here.

14