Justice James Jeremiah Shea delivered the Opinion of the Court.
*508 **61 ¶1 Appellant Thomas Scott Salsgiver appeals the Order of the Eleventh Judicial District Court, Flathead County, affirming the decision and sentence of the Kalispell Municipal Court finding Salsgiver guilty of partner or family member assault (PFMA), in violation of § 45-5-206, MCA, and criminal mischief, in violation of § 45-6-101, MCA.
¶2 We address the following issues on appeal:
Issue One: Whether the District Court erred by affirming the Municipal Court's Order that Salsgiver waived his right to a jury trial by failing to appear at an omnibus hearing.
Issue Two: Whether certain provisions in Salsgiver's sentencing agreement requiring him to pay fines that were not statutorily authorized are valid and legal.
Issue Three: Whether Salsgiver is entitled to receive four days of credit for jail time served, instead of two days of credit, against his sentence.
¶3 We affirm in part, reverse in part, and remand for further proceedings consistent with this Opinion.
PROCEDURAL AND FACTUAL BACKGROUND
¶4 On March 17, 2015, the City of Kalispell (City) charged Salsgiver in Kalispell Municipal Court with PFMA and criminal mischief. On March 18, 2015, Salsgiver appeared for a video arraignment. Salsgiver pled not guilty to the charged offenses and was released on his own recognizance. As a condition of his release, Salsgiver was ordered to personally appear for all court proceedings and was warned that failing **62 to appear would result in a waiver of jury trial. The Municipal Court also informed Salsgiver that his next scheduled court hearing would be an omnibus hearing to take place on May 5, 2015. Salsgiver signed an acknowledgement of his conditions of release.
¶5 On March 23, 2015, the Municipal Court issued a Notice of Omnibus. The Notice of Omnibus reiterated that Salsgiver's personal presence was required and that failure to appear would result in a waiver of jury trial.[1] On May 5, 2015, Salsgiver did not appear for the omnibus hearing, but Salsgiver's defense counsel did appear. During the omnibus hearing, the Municipal Court found that Salsgiver waived his right to a jury trial due to his failure to personally appear. The Municipal Court set a bench trial for July 9, 2015, and issued a bench warrant for Salsgiver due to his failure to appear.
¶6 On October 15, 2015, Salsgiver was arrested and taken into custody. On October 16, 2015, Salsgiver was arraigned and again released on his own recognizance. The Municipal Court informed Salsgiver his bench trial would take place on November 12, 2015. On October 28, 2015, Salsgiver's defense counsel filed a Motion for a Jury Trial. On November 10, 2015, the Municipal Court denied the Motion, deeming the matter waived due to Salsgiver's failure to appear at the omnibus hearing.
¶7 On November 12, 2015, Salsgiver appeared with his defense counsel at the bench trial. Salsgiver's defense counsel noted Salsgiver's *509 continuing objection to the Municipal Court's finding that Salsgiver waived his right to a jury trial. At the conclusion of trial, Salsgiver was found guilty of PFMA and criminal mischief.
¶8 On the PFMA charge, the Municipal Court sentenced Salsgiver to 364 days of incarceration, with 362 days suspended, and gave him credit against his sentence for two days of time served in jail. The Municipal Court also ordered him to pay $ 300. On the criminal mischief charge, the Municipal Court sentenced Salsgiver to a 180-day suspended jail sentence, and imposed fines, fees, and surcharges in the amount of $ 400, including an additional $ 10 witness fee and $ 20 in court costs.
¶9 After Salsgiver indicated he could not pay the fine amount in full **63 within thirty days, the Municipal Court allowed Salsgiver to pay his fines, costs, and surcharges in installments in a signed written agreement, subject to an additional $ 10 contract fee.[2] The Municipal Court informed Salsgiver he had to make minimum payments of $ 25 per month and explained that Salsgiver would be charged a ten-percent annual interest rate on the unpaid principal balance until paid in full. An additional provision in the written agreement, but missing from the oral pronouncement of sentence, provided that "[a]ll payments are due on a monthly basis and no monthly prepayments are allowed unless authorized ...."
¶10 On November 18, 2015, Salsgiver appealed his conviction to the Flathead County District Court, challenging the denial of his Motion for a Jury Trial. On June 13, 2016, the District Court affirmed the Municipal Court's decision, determining that Salsgiver validly waived his right to a jury trial under Article II, Section 26 of the Montana Constitution and under the Sixth and Fourteenth Amendments of the United States Constitution. Salsgiver appeals the District Court's Order.
STANDARD OF REVIEW
¶11 We review decisions by a district court acting as an appellate court as if originally appealed to this Court. City of Missoula v. Girard , 2013 MT 168, ¶ 9, 370 Mont. 443, 303 P.3d 1283 (citing City of Bozeman v. Cantu , 2013 MT 40, ¶ 10, 369 Mont. 81, 296 P.3d 461 ). We examine the municipal court record independently of the district court's decision, applying the appropriate standard of review to our own examination of the record. Girard , ¶ 9 (citing Cantu , ¶ 10 ). We review de novo a lower court's conclusions of law and interpretations of the Constitution. Girard , ¶ 10 (citing State v. Trier , 2012 MT 99, ¶ 10, 365 Mont. 46, 277 P.3d 1230 ;
**64 City of Missoula v. Cox , 2008 MT 364, ¶ 5, 346 Mont. 422, 196 P.3d 452 ). Constitutional questions are subject to plenary review. Girard , ¶ 10 (citing Cox , ¶ 5 ; Trier , ¶ 10 ). Discretionary trial court rulings are reviewed for an abuse of discretion. Girard , ¶ 10 (citing State v. Price , 2006 MT 79, ¶ 17, 331 Mont. 502, 134 P.3d 45 ).
¶12 When a criminal sentence is not eligible for review by the Sentence Review Division-a sentence of less than one year of incarceration-this Court reviews the sentence for both legality and an abuse of discretion. State v. Himes , 2015 MT 91, ¶ 22, 378 Mont. 419, 345 P.3d 297 (citing State v. Breeding , 2008 MT 162, ¶ 10, 343 Mont. 323, 184 P.3d 313 ; Cantu , ¶ 11 ). This Court's review for legality is confined to determining whether "the sentencing court had statutory authority to impose the sentence, whether the sentence falls within the parameters set by the applicable sentencing statutes, and whether the court adhered to the affirmative *510 mandates of the applicable sentencing statutes." Himes , ¶ 22. "This determination is a question of law and, as such, our review is de novo." Himes , ¶ 22 (citing Breeding , ¶ 10 ). If a sentencing condition is legal, we review the challenged condition for an abuse of discretion. Cantu , ¶ 11. A sentencing court abuses its discretion when it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. Himes , ¶ 22 (citing Breeding , ¶ 10 ).
DISCUSSION
¶13 Issue One: Whether the District Court erred by affirming the Municipal Court's Order that Salsgiver waived his right to a jury trial by failing to appear at an omnibus hearing.
¶14 The Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State ...." The Fourteenth Amendment guarantees a right to a jury trial in criminal cases, which "were they to be tried in a federal court-would come within the Sixth Amendment's guarantee." Duncan v. Louisiana , 391 U.S. 145, 149, 88 S. Ct. 1444, 1447, 20 L.Ed.2d 491 (1968) (citing U.S. Const. amend. XIV ).
¶15 Article II, Section 26 of the Montana Constitution provides: "The right of trial by jury is secured to all and shall remain inviolate. But upon default of appearance or by consent of the parties expressed in such manner as the law may provide, all cases may be tried without a jury ...." A defendant who is charged with a misdemeanor offense "may appear by counsel only, although the court may require the **65 personal attendance of the defendant at any time." Section 46-16-120, MCA.
¶16 The constitutional right to a trial by jury guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution may be waived by a defendant. Duncan , 391 U.S. at 157-59, 88 S. Ct. at 1452-53 ; Patton v. United States , 281 U.S. 276, 298-99, 50 S. Ct. 253, 258, 74 L.Ed. 854 (1930). To function as an effective waiver, the defendant must waive the right knowingly, intelligently, and voluntarily. See Patton , 281 U.S. at 312, 50 S. Ct. at 263 ; Johnson v. Zerbst , 304 U.S. 458, 464-65, 58 S. Ct. 1019, 1023-25, 82 L.Ed. 1461 (1938) ; see also State v. Walker , 2008 MT 244, ¶ 18, 344 Mont. 477, 188 P.3d 1069 (citing State v. Mann , 2006 MT 33, ¶ 14, 331 Mont. 137, 130 P.3d 164 ("a defendant must waive a known right 'knowingly, intelligently, and voluntarily....' ")). "The question of an effective waiver of a federal constitutional right in a proceeding is ... governed by federal standards." Boykin v. Alabama , 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L.Ed.2d 274 (1969).
¶17 We examine the " 'particular facts and circumstances surrounding th[e] case' " to determine whether a waiver of a fundamental constitutional right was knowing, intelligent, and voluntary. See State v. Wilson , 2011 MT 277, ¶ 15, 362 Mont. 416, 264 P.3d 1146 (analyzing waiver in the context of the right to counsel) (quoting State v. Plouffe , 198 Mont. 379, 385, 646 P.2d 533, 536 (1982) (citing Edwards v. Arizona , 451 U.S. 477, 482, 101 S. Ct. 1880, 1884, 68 L.Ed.2d 378 (1981) )). The State bears the burden of proving that the waiver of a fundamental constitutional right was knowing, intelligent, and voluntary. See State v. Gittens , 2008 MT 55, ¶ 14, 341 Mont. 450, 178 P.3d 91 (citations omitted). The State must meet this burden by a preponderance of the evidence. See State v. Blakney , 197 Mont. 131, 141, 641 P.2d 1045, 1051 (1982) (citing Lego v. Twomey , 404 U.S. 477, 488-89, 92 S. Ct. 619, 626-27, 30 L.Ed.2d 618 (1972) ).
¶18 This Court indulges in every reasonable presumption against waiver of a fundamental constitutional right. Mann , ¶ 13 (citing State v. Swan , 2000 MT 246, ¶ 17, 301 Mont. 439, 10 P.3d 102 ). Accordingly, we will not presume waiver of one's constitutional rights-such waiver must be made knowingly, intelligently, and voluntarily. State v. Finley , 2003 MT 239, ¶ 32, 317 Mont. 268, 77 P.3d 193 (internal citations omitted); Park v. Sixth Jud. Dist. Ct. , 1998 MT 164, ¶ 36, 289 Mont. 367, 961 P.2d 1267 (citing Zerbst , 304 U.S. at 464, 58 S. Ct. at 1024-25 ).
*511 ¶19 The Sixth Amendment requires that a defendant charged with a "serious" crime be afforded the right to a jury trial unless waived by **66 the defendant. Lewis v. United States , 518 U.S. 322, 325, 327, 116 S. Ct. 2163, 2166-67, 135 L.Ed.2d 590 (1996) ; Baldwin v. New York , 399 U.S. 66, 68, 90 S. Ct. 1886, 1887, 26 L.Ed.2d 437 (1970). An offense constitutes a "serious" crime when the charged offense carries a maximum prison term greater than six months. Lewis , 518 U.S. at 326-27, 116 S. Ct. at 2166-67 ; Baldwin , 399 U.S. at 68-69, 90 S. Ct at 1888. "Petty" crimes-criminal offenses where the maximum punishment is incarceration of six months or less-are not subject to the Sixth Amendment jury trial provision. Lewis , 518 U.S. at 325, 116 S. Ct. at 2166 (citing Duncan , 391 U.S. at 159, 88 S. Ct. at 1453 ).
¶20 We have previously established that a misdemeanor defendant may waive his or her Article II, Section 26 right to trial by jury by failing to appear as directed by the trial court. State v. Sherlock , 2018 MT 92, ¶¶ 17-18, 391 Mont. 197, 415 P.3d 997 (affirming a justice court's decision that a defendant's failure to attend a jury confirmation hearing constituted a waiver of his right to a jury trial); Cox , ¶¶ 10, 15 (affirming a municipal court's ruling that a defendant's failure to appear at a jury confirmation hearing waived his right to a jury trial); Trier , ¶ 15 (finding a defendant waived his right to a jury trial by failing to appear for his final pretrial conference). Furthermore, the Montana Constitution's plain language under Article II, Section 26 provides that a defendant's "default of appearance" may result in a nonjury trial. Cox , ¶¶ 9-10.
¶21 We have also previously explained that a defendant's nonappearance does not automatically result in a waiver of the right to a jury trial. Girard , ¶¶ 14, 20 (finding a municipal court abused its discretion by deeming a defendant's failure to appear at a pretrial conference an automatic waiver of his right to a jury trial). Whether a defendant's nonappearance constitutes a waiver of his right to a jury trial depends on the circumstances of the particular case. Girard , ¶ 14. Finding an automatic waiver due to a nonappearance would also run contrary to Article II, Section 26 and "the language of that provision stating that a case 'may' be tried without a jury upon a default of appearance." Girard , ¶ 14. We have yet to address the implications of the Sixth Amendment in such cases because the defendants in Cox , Trier , Girard , and Sherlock were charged with offenses that did not constitute a "serious" crime, as defined in Lewis and Baldwin . See Cox , ¶ 1 (driving while under the influence of alcohol, striking an unattended vehicle, and failing to leave information at the scene); Trier , ¶ 1 (operating a motor vehicle with a blood alcohol concentration of 0.08% or greater); Girard , ¶ 1 (disorderly conduct); Sherlock , ¶ 1 **67 (driving while under the influence of alcohol and obstructing a peace officer).
¶22 In this case, the Municipal Court determined Salsgiver's failure to appear at his omnibus hearing resulted in a waiver of his right to a jury trial under Cox's interpretation of Article II, Section 26 of the Montana Constitution. The District Court affirmed the Municipal Court's decision to deny Salsgiver's Motion for a Jury Trial, finding Salsgiver validly waived his right to a jury trial by failing to appear under the "default of appearance" provision in Article II, Section 26 of the Montana Constitution. The District Court also found that, pursuant to Illinois v. Allen , 397 U.S. 337, 90 S. Ct. 1057, 25 L.Ed.2d 353 (1970), Salsgiver knowingly, intelligently, and voluntarily waived his right to a jury trial under the Sixth Amendment because he understood that he was required to appear for all court proceedings based on the conditions of his release. Finally, the District Court determined Salsgiver was not prejudiced by the Municipal Court's conflicting orders concerning whether his personal presence was required at the omnibus hearing.[3]
¶23 The State argues that although Salsgiver did not enter a formal waiver of his Sixth Amendment right to a jury trial, he *512 waived the right through his conduct. The State argues under Allen that a "waiver by conduct" or "forfeiture with knowledge" occurred because Salsgiver was warned prior to the omnibus hearing, both verbally and in writing, that failing to appear would waive his right to a jury trial.
¶24 Salsgiver argues that the Municipal Court improperly relied on Article II, Section 26 of the Montana Constitution, and our line of cases interpreting it, when it determined that an automatic waiver of jury trial occurred under the "default of appearance" provision on the PFMA charge. Salsgiver argues that he possesses a Sixth Amendment right to a jury trial for the PFMA charge because it was a "serious" offense, and that the Municipal Court incorrectly dismissed his Motion because he did not knowingly, intelligently, and voluntarily waive his Sixth Amendment right. Salsgiver additionally contends that the State's request to extend the "waiver by conduct" standard from loss-of-counsel cases is inappropriate and a constitutionally impermissible means to waive the Sixth Amendment right to a jury trial.
**68 ¶25 Salsgiver's PFMA charge carried a maximum sentence of one year in jail, qualifying it as a "serious" offense. Section 45-5-206(3)(a)(1), MCA ; see Baldwin, 399 U.S. at 68-69, 90 S. Ct at 1888. Salsgiver's criminal mischief charge carried a maximum sentence of six months, qualifying it as a "petty" offense. Section 45-6-101(3), MCA ; see Lewis , 518 U.S. at 325, 116 S. Ct. at 2166. Salsgiver had a right to a jury trial under Article II, Section 26 of the Montana Constitution for both charges. In light of the circumstances of this case, Salsgiver's nonappearance at the omnibus hearing waived his state right to a jury trial under the "default of appearance" provision of Article II, Section 26 on both charges. See Cox , ¶ 10 ; Trier , ¶ 15 ; Sherlock , ¶ 18. Salsgiver did not provide any circumstances to counter a finding of waiver or to call into question his ability to comply with the Municipal Court's order. See Girard , ¶¶ 19-20. Salsgiver and his defense counsel never explained why Salsgiver failed to appear at his omnibus hearing.
¶26 Because his criminal mischief conviction was a petty offense, Salsgiver does not challenge the Municipal Court's holding that he waived his right to a jury trial on that charge. Thus, we confine our analysis to the PFMA charge as it pertains to the implication of the Sixth and Fourteenth Amendments.
¶27 Salsgiver retained the right to a jury trial on the PFMA charge under the Sixth and Fourteenth Amendments because this charge constituted a "serious" offense. See Baldwin, 399 U.S. at 68-69, 90 S. Ct at 1888. Consequently, the Municipal Court erred in finding that Salsgiver automatically waived his Sixth Amendment right to a jury trial on the PFMA charge by failing to attend his omnibus hearing. Our previous cases analyzing jury trial waivers under Article II, Section 26 are not applicable to a Sixth Amendment waiver analysis since those cases involved petty offenses that did not address the requirements of waiving the right to a jury trial under the Sixth Amendment. See Cox , ¶¶ 1, 7 ; Trier , ¶ 1 ; Girard , ¶ 1 ; Sherlock , ¶ 1.
¶28 Under the Sixth and Fourteenth Amendments, Salsgiver could only waive his right to a jury trial through a knowing, intelligent, and voluntary waiver. See Patton , 281 U.S. at 312, 50 S. Ct. at 263 ; Zerbst , 304 U.S. at 464-65, 58 S. Ct. at 1023-25 ; see also Walker , ¶ 18 ; Mann , ¶ 14. Moreover, Girard holds that finding an automatic waiver, under any standard, based solely on a defendant's nonappearance is impermissible, as the trial court's determination of waiver must be based on the circumstances of the individual case. See Girard , ¶¶ 14, 20. Consequently, the Municipal Court erred by applying our Article II, Section 26 waiver standard-instead of determining whether Salsgiver **69 made a knowing, intelligent, and voluntary waiver-in determining that Salsgiver automatically waived his right to a jury trial on the PFMA charge under the Sixth Amendment.
¶29 The District Court incorrectly affirmed the Municipal Court when it concluded that Salsgiver's failure to appear at his omnibus hearing constituted a knowing, intelligent, and voluntary waiver. The District Court deemed Salsgiver's knowledge of his release conditions sufficient to meet both *513 the "default of appearance" standard of Article II, Section 26, and the knowing, intelligent, and voluntary standard required by the Sixth Amendment. However, a Sixth Amendment waiver of the right to a jury trial cannot be presumed solely from a defendant's knowledge of his release conditions and subsequent failure to appear. See Finley , ¶ 32 ; Park , ¶ 36 ; Zerbst , 304 U.S. at 464-65, 58 S. Ct. at 1023-25. The record here fails to show that Salsgiver knowingly, intelligently, and voluntarily waived his Sixth Amendment right to a jury trial. See Wilson , ¶ 15 ; Plouffe , 198 Mont. at 385, 646 P.2d at 536. Salsgiver signed a form that he was required to sign as a condition of being released on his own recognizance, informing him of his release conditions. The record also establishes that Salsgiver and his defense counsel never made any representation to the Municipal Court that he wished to waive his right to a jury trial. Prior to Salsgiver's bench trial, Salsgiver's defense counsel filed a motion requesting a jury trial and Salsgiver's defense counsel objected at the beginning of Salsgiver's bench trial to it proceeding without a jury. From our review of the record, the preponderance of the evidence does not establish that Salsgiver knowingly, intelligently, and voluntarily waived his Sixth Amendment right to a jury trial. See Gittens , ¶ 14 ; Blakney , 197 Mont. at 141, 641 P.2d at 1051.
¶30 The District Court's conclusion that "waiver by conduct" or "forfeiture with knowledge" standard from Illinois v. Allen should apply here is misplaced. In Allen , the defendant repeatedly and purposely disrupted proceedings to prevent his trial from going forward. Allen , 397 U.S. at 340-41, 90 S. Ct. at 1059. The Supreme Court in Allen held that a defendant's Sixth Amendment Confrontation Clause right to be present could be lost by a defendant's misconduct where the defendant prevents the trial from going forward. Allen , 397 U.S. at 343, 90 S. Ct. at 1060-61. However, Allen did not concern the issue present in this matter-the waiver of the right of a jury trial under the Sixth Amendment. Different rights that originate from the same constitutional amendment do not necessarily inherit the same waiver rules. Indeed, as Salsgiver's counsel pointed out at oral **70 argument, the trial court in Allen proceeded with a trial before a jury in the defendant's absence, after determining that he had waived his Sixth Amendment right of confrontation. Salsgiver's failure to appear at an omnibus hearing cannot serve as the sole basis for determining a waiver of his Sixth Amendment right to a jury trial when a knowing, intelligent, and voluntary waiver is required. See Finley , ¶ 32 ; Park , ¶ 36.
¶31 Salsgiver did not waive his right to a jury trial under the Sixth and Fourteenth Amendments for his PFMA charge by failing to appear at his omnibus hearing. Salsgiver's PFMA charge is reversed and remanded to the Municipal Court for a jury trial.
¶32 Issue Two: Whether certain provisions in Salsgiver's sentencing agreement requiring him to pay fines that were not statutorily authorized are valid and legal.
¶33 We generally refuse to review issues on appeal where a defendant failed to object in the trial court. State v. Kotwicki , 2007 MT 17, ¶ 8, 335 Mont. 344, 151 P.3d 892 (citing State v. Lenihan , 184 Mont. 338, 341, 602 P.2d 997, 999 (1979) ). However, as an exception to the general rule, we will review a sentence that is alleged to be illegal, or in excess of statutory mandates, even if the defendant raised no objection in the trial court. Kotwicki , ¶ 8 (citing Lenihan , 184 Mont. at 343, 602 P.2d at 1000 ).
¶34 Generally, a defendant need only allege that the trial court imposed an illegal sentence to invoke the Lenihan rule. State v. Garrymore , 2006 MT 245, ¶ 14, 334 Mont. 1, 145 P.3d 946. In Lenihan , we recognized that a defendant "often times must remain silent even in the face of invalid conditions" or risk the chance that a judge may impose a harsher sentence upon raising an objection. Lenihan , 184 Mont. at 343, 602 P.2d at 1000. We determined it is the "better rule to allow an appellate court to review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing." Lenihan , 184 Mont. at 343, 602 P.2d at 1000.
*514 ¶35 A trial court's authority to impose sentences in criminal cases is defined and constrained by statute, and we have previously held that "a district court has no power to impose a sentence in the absence of specific statutory authority." State v. Stephenson , 2008 MT 64, ¶ 30, 342 Mont. 60, 179 P.3d 502. A sentence is not illegal if it falls within statutory parameters. Garrymore , ¶ 9. But a sentence not based on statutory authority is illegal. Stephenson , ¶ 32 (citing State v. Krum , 2007 MT 229, ¶ 11, 339 Mont. 154, 168 P.3d 658 );
**71 State v. Ruiz , 2005 MT 117, ¶ 12, 327 Mont. 109, 112 P.3d 1001. We have consistently rejected creative sentencing provisions that are unsupported by express statutory authority. See City of Missoula v. Franklin , 2018 MT 218, ¶¶ 1, 15, 392 Mont. 440, 425 P.3d 1285 (finding a surcharge to fund the city attorney's office exceeded statutory authority); State v. Duong , 2015 MT 70, ¶¶ 19, 23, 378 Mont. 345, 343 P.3d 1218 (finding that imposition of costs for an interpreter and ten percent court administrative fee to collect other fees lacked statutory authority and were illegal); Stephenson , ¶¶ 30-33 (finding that an $ 85 assessment payable to a community service program was illegal); Krum , ¶¶ 1, 3, 21 (finding assessments payable to a county court automation fund, a domestic violence program, and Big Brothers Big Sisters were illegal); State v. Blackwell , 2001 MT 198, ¶¶ 7-9, 306 Mont. 267, 32 P.3d 771 (finding that an assessment based on a local rule for a portion of the court clerk's salary was illegal).
¶36 We have previously declined to apply the Lenihan exception, and determined that a defendant waives appellate review of his sentencing conditions, where the defendant "acquiesced or actively participated" in the imposition of a condition of sentence. State v. Micklon , 2003 MT 45, ¶ 10, 314 Mont. 291, 65 P.3d 559 (internal citations omitted); State v. Holt , 2011 MT 42, ¶ 17, 359 Mont. 308, 249 P.3d 470 ; State v. Walker , 2007 MT 205, ¶¶ 13-16, 338 Mont. 529, 167 P.3d 879. In Micklon , the district court imposed a ten-year suspended sentence and ordered the defendant to pay a $ 55,000 fine. Micklon , ¶ 4. The defendant asked the court to pay the fine in annual installments of $ 11,000. Micklon , ¶ 4. During his sentencing hearing, the district court asked the defendant about having interest accrue on the unpaid balance of the fine as an incentive to pay the fine in a shorter period of time. Micklon , ¶ 10. The defendant agreed to the condition, and the district court ordered that interest accrue on the balance of the fine without statutory authority to do so. Micklon , ¶¶ 4, 10. We held that, in such situations, we generally "will not put a district court in error for an action in which the appealing party acquiesced or actively participated" and concluded that the defendant waived his right to appeal the issue because he "affirmatively agreed to the inclusion of the interest condition in his sentence." Micklon , ¶¶ 10-11 (internal citations omitted); see § 1-3-207, MCA ("[a]cquiescence in error takes away the right of objecting to it. ...").
¶37 We have since narrowed the definition of "active acquiescence" for the purposes of invoking the Lenihan rule. See State v. Eaton , 2004 MT 283, ¶¶ 15-16, 323 Mont. 287, 99 P.3d 661 ;
**72 State v. Erickson , 2005 MT 276, ¶ 32, 329 Mont. 192, 124 P.3d 119. In Eaton , we held that the defendant's willingness to make restitution payments did not rise to the level of "active acquiescence" or "participation" to prevent appellate review under Lenihan because the defendant's statements of remorse lacked any direct request to the trial court for specific sentencing conditions. Eaton , ¶ 15. In Erickson , we held that the defendant's request for clarification about a challenged sentencing condition did not amount to "active acquiescence" or "participation" with the trial court to include the condition because it was the defendant's counsel, and not the defendant himself, who engaged in the dialogue at issue. Erickson , ¶¶ 10, 34.
¶38 Salsgiver argues that the Municipal Court illegally added a $ 10 contract fee and ten-percent annual interest rate on the unpaid principal balance of his fines that it lacked statutory authority to impose. Additionally, Salsgiver argues that the Municipal Court's prohibition on prepayment of his monthly installments without prior judge authorization is similarly unsupported by statutory authority. Salsgiver argues the prepayment prohibition was also illegal because it *515 was not included in the oral pronouncement of his sentence.
¶39 The State counters that Salsgiver waived appellate review of his arguments because he acquiesced when he agreed to pay the contract fee and the interest rate and agreed to the prepayment prohibition. The State argues that under Micklon , Salsgiver's affirmative agreement to the sentencing conditions takes away his right of objection to those conditions.
¶40 Salsgiver failed to raise an objection to the appealed sentencing conditions at the Municipal Court and District Court levels. However, because Salsgiver alleges that provisions in his sentencing agreement fall outside statutory parameters and are illegal, Salsgiver may challenge those provisions on appeal. See Kotwicki , ¶¶ 5,8 (citing Lenihan , 184 Mont. at 343, 602 P.2d at 1000 ); Garrymore , ¶ 14.
¶41 Under these circumstances, we reverse Micklon and hold that the Municipal Court erred in imposing the $ 10 contract fee, the ten-percent annual interest rate on Salsgiver's unpaid principal balance, and the prepayment bar of his monthly installments. Notwithstanding a defendant's active acquiescence, participation, or agreement, an otherwise illegal provision of a sentence cannot allow for the imposition of a sentencing condition bereft of statutory authority. See Stephenson , ¶¶ 30, 32 ; see also Franklin , ¶¶ 1, 15 ; Duong , ¶¶ 19, 23 ; Krum , ¶¶ 1, 3, 21 ; Blackwell , ¶¶ 7-9. The defendant in such circumstances is not "actively acquiescing" or "participating" in a mere trial error, but **73 instead in the imposition of an illegal sentence by the trial court, which inherently lacks the power to impose it. See Stephenson , ¶¶ 30, 32 ; Ruiz , ¶ 12.
¶42 It is fundamentally different for a defendant to acquiesce to an illegal sentence than to a trial error. An acquiescence to a trial error "takes away the right of objecting to it" and deems the issue waived. See § 1-3-207, MCA. A party may acquiesce to a trial court's error, such as the improper admission of testimony, and therefore implicitly accept it. See State v. Buck , 2006 MT 81, ¶ 117, 331 Mont. 517, 134 P.3d 53. However, a party cannot acquiesce and tacitly accept a trial court's exercise of power that it does not have legal authority to impose. See Stephenson , ¶¶ 30, 32, ¶ 41 ; Ruiz , ¶ 12. Our previous acquiescence policy under Micklon incorrectly conflates acquiescence to trial errors with the imposition of illegal sentencing conditions. See Micklon , ¶¶ 10-11 ; Holt , ¶ 17 ; Walker , 2007 MT 205, ¶¶ 13-16, 338 Mont. 529, 167 P.3d 879.
¶43 Though the State correctly notes Salsgiver signed a written agreement allowing for the $ 10 contract fee, the interest rate on the unpaid balance, and the prepayment bar, the Municipal Court lacked statutory authority to impose such conditions at the sentencing agreement's inception. Sections 46-18-234 and 46-18-236(4), MCA, allow a trial court to grant permission for a defendant to pay fines and other costs in specified installments.[4] Therefore, the Municipal Court possessed the statutory authority to allow Salsgiver to pay his fines in an installment plan. See §§ 46-18-234, -236(4), MCA. However, there is no statutory authority for the Municipal Court to impose a $ 10 contract fee, an interest rate on the unpaid balance of a defendant's fines, or to bar prepayment without prior judge authorization. Because the sentencing conditions lacked statutory authority, they were illegal ab initio .
¶44 When the illegal portion of a sentence does not affect the **74 entire sentence, the case should be remanded with instructions to strike the illegal portion. *516 State v. Heafner , 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087 ; Stephenson , ¶ 34 ; Krum , ¶ 23. "Remand to give the district court the opportunity to correct the illegal provision should be ordered unless, under the particular circumstances of the case, the illegal portion of the sentence cannot be corrected." Heafner , ¶ 11. Correcting invalid sentence provisions "protects the integrity of the judicial process and furthers the express correctional and sentencing policy of the state." Heafner, ¶ 12 (citing § 46-18-101, MCA ). The contract fee, interest rate, and prepayment bar are severable conditions of Salsgiver's sentence that do not affect his entire sentence on the criminal mischief charge. Therefore, the appropriate remedy is to reverse this portion of Salsgiver's sentence and to remand with instructions to strike the illegal conditions. See Heafner , ¶ 11 ; Stephenson , ¶ 34.
¶45 The doctrine of stare decisis "does not require us to perpetuate incorrectly-decided precedent ... we are obligated to overrule precedent where it appears the 'construction manifestly is wrong.' " ALPS Prop. & Cas. Ins. Co. v. McLean & McLean, PLLP , 2018 MT 190, ¶ 30, 392 Mont. 236, 425 P.3d 651 (emphasis in original) (quoting State ex rel. Peery v. Dist. Ct. , 145 Mont. 287, 310, 400 P.2d 648, 660 (1965) ). Accordingly, we reverse Micklon and hold that a defendant cannot "actively acquiesce" or "participate" in the imposition of a sentencing condition that is not statutorily authorized. Insofar as our prior case law incorrectly perpetuated this error, those cases are overruled. Salsgiver's sentence on the criminal mischief conviction is remanded to the Municipal Court with instructions to strike the imposition of the $ 10 contract fee, the ten-percent annual interest rate on Salsgiver's unpaid principal balance, and the prepayment bar of his monthly installments without prior judge authorization.
¶46 Issue Three: Whether Salsgiver is entitled to receive four days of credit for jail time served, instead of two days of credit, against his sentence.
¶47 Each day of incarceration prior to or after a conviction must be credited against a defendant's sentence. Section 46-18-403(1), MCA ; State v. McDowell , 2011 MT 75, ¶ 27, 360 Mont. 83, 253 P.3d 812 (citing State v. DeWitt , 2006 MT 302, ¶ 10, 334 Mont. 474, 149 P.3d 549 ). Section 46-18-403(2), MCA provides that "[a] person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of the offense may be allowed a credit for each day of incarceration prior to conviction ...."
**75 ¶48 Salsgiver argues that he was entitled to four days of credit for jail time served. The Municipal Court gave Salsgiver two days of credit for jail time served, which the District Court affirmed. The City concedes Salsgiver was entitled to four days of credit for jail time served instead of two. Accordingly, Salsgiver is entitled to an additional two days of credit for jail time served against his sentence and fines.
CONCLUSION
¶49 Salsgiver's PFMA conviction is reversed and remanded to the Kalispell Municipal Court for a jury trial. Salsgiver does not challenge his criminal mischief conviction; thus, this conviction is affirmed. Salsgiver's sentence on the criminal mischief conviction is remanded to correct sentencing errors including the illegal provisions of his sentence and to credit his sentence with two additional days of jail time served. The District Court's Order is reversed in part and remanded for further proceedings consistent with this Opinion.
We Concur:
MIKE McGRATH, C.J.
INGRID GUSTAFSON, J.
LAURIE McKINNON, J.
DIRK M. SANDEFUR, J.

The Notice of Omnibus provided, in relevant part:
YOUR PERSONAL PRESENCE IS REQUIRED. FAILURE TO APPEAR WILL RESULT IN A WAIVER OF JURY TRIAL AND MAY RESULT IN A WARRANT FOR YOUR ARREST AND YOUR DRIVER'S LICENSE AND DRIVING PRIVILEGES MAY BE SUSPENDED.

Salsgiver's Agreement to Pay Fines provided in part:
I agree to pay said fine/restitution/cost ordered by the court in the following manner: $ 740.00 in installments of $ 25.00 per month beginning 12/12/2015, until paid in full. I understand that the fine amount includes a $ 10.00 contract fee and that any unpaid balance under this contract shall bear interest at the rate of ten percent (10%) per year.
I fully understand that if I fail to pay the fines in accordance with this agreement I can be prosecuted for contempt of Court and confined in jail until I make such payment. All payments are due on a monthly basis and no monthly prepayments are allowed unless authorized by Judge Adams.
(Emphasis in original.)

The District Court discovered "an inherent conflict" in the various orders concerning whether Salsgiver's personal presence was required at the omnibus hearing, or just his defense counsel's presence. We refuse to examine that issue because Salsgiver failed to raise it in this appeal.

Section 46-18-234, MCA, provides:
Whenever a defendant is sentenced to pay a fine or costs under 46-18-231 or 46-18-232, the court may grant permission for payment to be made within a specified period of time or in specified installments. If no such permission is included in the sentence, the payment is due immediately.
Section 46-18-236(4), MCA, provides:
When the payment of a fine is to be made in installments over a period of time, the charges imposed by this section [for each misdemeanor or felony charge of which a defendant is convicted] must be collected from the first payment made and each subsequent payment as necessary if the first payment is not sufficient to cover the charges.