FILED

10/27/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0336

DA 18-0336

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 274N

CITY OF GREAT FALLS,

Plaintiff and Appellee,

v.

CODY JAMES SNIDER,

Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDC 17-317
Honorable John W. Parker, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender, Deborah S. Smith, Assistant Appellate
Defender, Helena, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

Neil A. Anthon, Great Falls City Attorney, Joseph Cik, Deputy City
Attorney, Great Falls, Montana

Submitted on Briefs:  September 9, 2020

Decided:  October 27, 2020

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Cody Snider appeals from the District Court's ruling that he waived his right to a jury trial. In June 2016, Snider was charged and pled not guilty to a misdemeanor DUI offense in Great Falls Municipal Court, Hon. Steve Bolstad, presiding. At his initial appearance the next day, Snider was given two documents, an "Acknowledgment of Rights" and the "Order Setting Jury Trial." The Acknowledgment informed Snider of his right to jury trial and stated "[i]f you plead not guilty and waive that right, a trial will be held with the Judge as a trier of fact." The Order provided a schedule for an omnibus hearing, jury confirmation hearing, and jury trial date, and advised Snider that if he failed to "*appear **personally** for the jury confirmation hearing and/or if there is not an appearance at the omnibus hearing, a jury will not be called in and a non-jury trial will be held at 10:30 AM on the day of trial.*" (Emphasis and bolding in original.) Snider acknowledged his understanding of the Order by signing in two places. The Municipal Court also orally advised Snider, "You have the right to a jury trial. If you plead not guilty

and waive that right, then you'll have what's called a bench trial." Snider was assigned counsel Michael Kuntz.[1]

¶3 The Municipal Court set Snider's jury trial for November 2, 2016, the jury confirmation hearing for October 31, 2016, and the omnibus hearing for October 3, 2016. In its July 13, 2016 order setting discovery and briefing schedules, the Municipal Court stated "[a] jury will not be called if the defendant fails to appear to the jury confirmation hearing . . . a non-jury trial will be held 10:30 a[.m.] on the day of trial." Snider appeared with Kuntz at the omnibus hearing as scheduled.

¶4 On October 28, 2016, Snider filed an unopposed motion to continue both the jury trial and the jury trial confirmation hearing. The Municipal Court granted the motion and reset the jury confirmation hearing for December 5, 2016, and the jury trial for December 8, 2016. This order did not repeat the language requiring Snider to personally appear. In addition to the City Attorney's office, the Municipal Court sent the order to "Assistant Public Defender – Michael Kuntz" and "Defendant c/o counsel." Kuntz mailed Snider his copy to him at the same address used for all other notices.

¶5 Snider failed to appear for the jury confirmation hearing on December 5, 2016, and the Municipal Court deemed Snider to have waived his right to jury trial. Kuntz appeared and signed the memorandum on which the court indicated Snider failed to appear and

---

[1] The District Court also found that the Municipal Court "ordered the Defendant to keep in good contact with his attorney, and the Court, to ensure he was receiving proper notice of any change in hearing dates."

waived his jury trial. On December 7, Snider moved to continue the December 8 trial, claiming he had not received the notice of the rescheduled jury confirmation hearing, and that he still wanted a jury trial. The Municipal Court granted the continuance, and Snider then filed a request for reinstatement of a jury trial, arguing he did not knowingly, intelligently, or voluntarily waive his right to jury trial under the Sixth Amendment of the United States Constitution, because he had not received notice, and that this Court's analysis in *City of Missoula v. Cox*, 2008 MT 364, ¶ 10, 346 Mont. 422, 196 P.3d 452, had no bearing on his claim that his Sixth Amendment rights had been violated. The Municipal Court set a hearing on the motion, and the City of Great Falls filed a response brief. Ultimately, however, the Municipal Court did not conduct a hearing, but orally advised the parties it was denying Snider's motion based upon the briefing. Snider changed his plea to the charge but reserved his right to appeal the denial of his motion for a jury trial.

¶6      Snider appealed to the Eighth Judicial District Court, Hon. John Parker, presiding. At the hearing, Snider argued the Municipal Court had failed to properly consider the circumstances underlying his failure to appear at the jury confirmation hearing, as required by *City of Missoula v. Girard*, 2013 MT 168, 370 Mont. 443, 303 P.3d 1283, and that his right to jury trial was violated under Article II, § 26 of the Montana Constitution. The District Court permitted Snider to make an offer of proof regarding the notice issue. The court took a recess to review *Cox* and *Girard*, then denied the appeal orally from the bench and remanded the case back to the Municipal Court for sentencing, reasoning the record before the Municipal Court was sufficient to demonstrate "Mr. Snider's position as to why

4

he failed to appear at the jury confirmation hearing," that Snider's "appearance at a number of other hearings indicated that he was receiving his mail, and I infer from that he was on notice," and that the Municipal Court "had provided adequate notice to Mr. Snider that any failure to appear could constitute a waiver of his constitutional right to a jury trial." The court also entered written findings of fact, conclusions of law, and an order. Snider appeals.

¶7 When a district court functions as an appellate court to a municipal court, we review the case as if the appeal were originally filed in this Court. *Girard*, ¶ 9 (citing §§ 3-5-303 and 3-6-110, MCA). Whether a defendant's failure to appear results in a waiver of the fundamental right to a jury trial is a conclusion of law based upon a plain meaning interpretation of the Montana Constitution. *Cox*, ¶ 11. This Court conducts a plenary *de novo* review of a lower court's conclusions of law and interpretations of the Constitution. *Cox*, ¶ 5 (internal citations omitted).

¶8 *Whether the Municipal Court violated Snider's right to trial by jury under Article II, § 26 of the Montana Constitution?*

¶9 Article II, § 26 of the Montana Constitution grants a right to trial by jury.[2] The right is "secured" and remains "inviolate," but cases may be tried without a jury "upon default of appearance." Mont. Const. art. II, § 26. Section 26 is "unambiguous and unqualified" and "clearly allows for trial without a jury upon the defendant's failure to appear,

---

[2] "Petty" crimes are not subject to the Sixth Amendment of the United States Constitution, which provides a jury trial right only for "serious" crimes. *City of Kalispell v. Salsgiver*, 2019 MT 126, ¶ 19, 396 Mont. 57, 443 P.3d 504 (citing *Lewis v. United States*, 518 U.S. 322, 325 (1996)) (internal citations omitted).

notwithstanding the defendant's lack of explicit agreement that his non-appearance results in a waiver." *Cox*, ¶ 10. A misdemeanor defendant can waive the Article II, § 26 right to trial by jury for nonappearance in a pre-trial proceeding. Section 46-16-120, MCA (stating that "the court may require the personal attendance of the [misdemeanor] defendant at any time"); *Salsgiver*, ¶ 20 (collecting examples of jury trial waivers by misdemeanor defendants); *State ex rel. Nelson v. Montana Ninth Judicial Dist. Court*, 262 Mont. 70, 82, 863 P.2d 1027, 1034 (1993) (holding that the Montana Legislature is "free to provide the procedure for waiver of trial by jury in criminal cases"). However, Article II, § 26 is not subject to a "categorical rule of automatic waiver," and the trial court must "remain mindful of any circumstances, demonstrated by the defendant," that led to non-compliance. *Girard*, ¶ 19.

¶10 Snider first argues his state constitutional jury right was violated because he did not receive the notice of the rescheduled jury confirmation hearing and that, in any event, the notice did not reiterate his personal appearance was required to retain his jury right. After considering Snider's offer of proof, the District Court found that "[t]he Defendant was provided proper notice of the December 5, 2016, jury confirmation hearing. The Defendant did not personally appear at that hearing claiming he did not receive notice thereof." We conclude the District Court did not err in entering this finding. Notice of the jury confirmation hearing was sent to Snider at the same address as all previous court notices, which he had received. *See also* § 26-1-602(24), MCA (providing a disputable

presumption that "[a] letter duly directed and mailed was received in the regular course of the mail," which may be controverted.).

¶11   Snider points out that this notice did not reiterate the advisory that he would waive his jury right if he failed to attend, but we agree with the District Court, based upon the record, that the Municipal Court "properly advised the Defendant that failure to appear at said hearing would constitute a waiver of [a] jury trial."  As explained in the procedural background set forth above, Snider was notified multiple times that his failure to personally attend the jury confirmation hearing would result in waiver of the jury right.  At his request, the jury confirmation hearing was continued, but the failure of the notice of rescheduled hearing to reiterate the advisory did not negate the Municipal Court's prior admonitions.

¶12   Lastly, Snider argues that Municipal Court's failure to hold a hearing on his request to reinstate his jury right violated the requirement of *Girard* to consider the circumstances of his failure to attend the hearing.  However, the Municipal Court received briefing on the issue from the parties.  There was no factual dispute, except for Snider's contention he did not receive the notice of hearing.  The District Court found

> [t]he Municipal Court was properly advised of the Defendant's assertion that he did not receive notice of the December 5, 2016, jury confirmation hearing. The matter was fully briefed in the Municipal Court, and the Court was provided the opportunity to view the assertion and surrounding circumstances in light most favorable to the Defendant.

We conclude the District Court, which reviewed the record in conjunction with the opportunity it provided Snider to make an offer of proof, did not err.

7

¶13   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review, which was correctly applied.

¶14   Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON