DA 12-0751

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 158N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BRIAN W. LOBERG,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 12-241
Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Deborah S. Smith, University of Idaho College of Law, Legal Aid Clinic, Moscow, Idaho

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana

          Jim Nugent, Missoula City Attorney, Carrie L. Garber, Deputy City Attorney, Missoula, Montana

Submitted on Briefs:  May 28, 2014
Decided:  June 10, 2014

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brian W. Loberg was cited on December 24, 2011, with three misdemeanor driving offenses: no proof of insurance, no valid driver's license, and a seatbelt violation. He appeared in Missoula Municipal Court and entered pleas of not guilty. Loberg and his counsel then appeared at the omnibus hearing on February 22, 2012, and requested that a jury trial be set. The Omnibus Hearing Memorandum and Scheduling Order states, with bold lettering and underlining: "**The defendant's failure to appear at the final pre-trial hearing will constitute a waiver of jury trial.**" Loberg placed his initials next to this statement. The final page of the Memorandum and Scheduling Order sets the jury trial for May 11, 2012, and the final pretrial hearing for April 30, 2012, at 8:45 a.m.

¶3 Loberg failed to appear the morning of April 30 for the final pretrial hearing. The Municipal Court thus entered a Bench Order stating: "Jury waived[.] [T]rial will be bench trial[,] same time/date." The court also issued a warrant due to Loberg's failure to appear. Later that day, at 2:00 p.m., Loberg appeared before the Municipal Court, purportedly for his final pretrial hearing. The court canceled the warrant and directed Loberg to the public defender's office to speak with his counsel.

2

¶4 On May 2, 2012, Loberg's counsel filed a motion requesting that the Municipal Court reinstate the trial setting as a jury trial. He explained that Loberg had mistakenly believed the final pretrial hearing was scheduled for the afternoon of April 30. The court denied the motion on May 8.

¶5 A bench trial was held on May 11, 2012. The court found Loberg guilty of the seatbelt violation and not having insurance, but dismissed the charge of not having a driver's license.

¶6 Loberg appealed to the Fourth Judicial District Court, arguing that his tardy appearance before the Municipal Court on April 30 was due to a "mistake" and did not constitute a "default of appearance" amounting to a waiver of his right to a jury trial. He pointed out that he did appear on April 30, just not at the correct time. He contended that appearing late is not the same as failing to appear at all. In making these arguments, Loberg acknowledged, at least implicitly, that he was required to *personally* appear at the final pretrial hearing.

¶7 In ruling on Loberg's appeal, the District Court was "confined to review of the record and questions of law." Section 3-6-110(1), MCA. The District Court cited *City of Missoula v. Cox*, 2008 MT 364, ¶ 10, 346 Mont. 422, 196 P.3d 452, where this Court observed that the Montana Constitution "clearly allows for trial without a jury upon the defendant's failure to appear, notwithstanding the defendant's lack of explicit agreement that his non-appearance results in a waiver." The District Court also cited § 46-16-120, MCA, which states: "In all cases in which the defendant is charged with a misdemeanor offense, the defendant may appear by counsel only, although the court may require the

3

personal attendance of the defendant at any time." The District Court reasoned that the Omnibus Hearing Memorandum and Scheduling Order (1) required Loberg to personally appear for the final pretrial hearing set for 8:45 a.m. on April 30, 2012, and (2) clearly advised Loberg that his failure to appear at the final pretrial hearing would constitute a waiver of his right to a jury trial. The District Court concluded that appearing before the Municipal Court more than five hours late could not remedy Loberg's failure to appear at the time specified in the Omnibus Hearing Memorandum and Scheduling Order. The District Court accordingly denied Loberg's appeal.

¶8     Loberg now appeals to this Court. First, he points out that the Omnibus Hearing Memorandum and Scheduling Order did not explicitly state that his "personal" presence was required at the final pretrial hearing. He thus maintains that his counsel's presence at that hearing was sufficient pursuant to § 46-16-120, MCA. We agree with the State, however, that this argument is not properly before us because Loberg failed to present it to the Municipal Court. *State v. Lotter*, 2013 MT 336, ¶ 31, 372 Mont. 445, 313 P.3d 148. In fact, as the State also points out, Loberg's arguments in his briefs filed in the Municipal Court and the District Court presume that his *personal* appearance was required. In his opening brief in the District Court, Loberg conceded that the Municipal Court "ordered Mr. Loberg to be present for all those hearings," including the final pretrial hearing. His legal theory was not that his counsel's presence was sufficient; rather, his theory was that "[b]eing late for a pretrial hearing should not waive a defendant's constitutional right to a jury trial."

4

¶9 Second, citing *City of Missoula v. Girard*, 2013 MT 168, 370 Mont. 443, 303 P.3d 1283, Loberg argues that we should remand this case to the Municipal Court for an inquiry into the circumstances that caused Loberg to be late for the final pretrial hearing. He suggests that the Municipal Court erred by summarily denying his motion to reinstate his case as a jury trial without first considering whether any circumstances inhibited his ability to arrive at the final pretrial hearing at the ordered time. In response, the State points out that the circumstances of Loberg's failure to appear are already known: by his own explanation, Loberg mistakenly thought that the final pretrial hearing was scheduled for 2:00 p.m. in the afternoon instead of 8:45 a.m. in the morning. The State argues that Loberg's "careless oversight" regarding the time of the hearing is not a sufficient excuse for his failure to appear and that the Municipal Court, therefore, did not abuse its discretion in deeming Loberg's failure to appear as a waiver of his right to a jury trial. *See Girard*, ¶¶ 10, 20 (reviewing the municipal court's ruling for abuse of discretion).

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. On Loberg's appeal to this Court, we review the case as if the appeal originally had been filed in this Court. We examine the record independently of the District Court's decision, applying the appropriate standard of review. *Girard*, ¶ 9. Doing so, we observe that the issue presented is one of judicial discretion, and we are not persuaded that the Municipal Court abused its discretion in deeming Loberg's failure to appear as a waiver.

5

¶11     Affirmed.


                                              /S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT