FILED

01/30/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0734

OP 23-0734

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 15

VICTORIA DESCHAMPS,

        Petitioner,

    v.

MONTANA TWENTY-FIRST JUDICIAL
DISTRICT COURT, RAVALLI COUNTY,
HONORABLE HOWARD F. RECHT,
PRESIDING JUDGE,

        Respondent.

ORIGINAL PROCEEDING:    Petition for Writ of Supervisory Control
                          District Court of the Twenty-First Judicial District,
                          In and For the County of Ravalli, Cause No. DR-23-202
                          Honorable Howard F. Recht, Presiding Judge

COUNSEL OF RECORD:

      For Petitioner:

          William Hooks, Director of Advocacy, Amy Reavis, Staff Attorney,
          Montana Legal Services Association, Helena, Montana

      For Respondent:

          Hon. Howard F. Recht, Self-Represented, Hamilton, Montana

                                    Decided:  January 30, 2024

Filed:

                             _____
                                        Clerk

Justice Laurie McKinnon delivered the Opinion and Order of the Court.

¶1 Petitioner Victoria Deschamps seeks a writ of supervisory control over the Twenty-First Judicial District Court, Ravalli County, in its Cause No. DR-23-202. Deschamps alleges the court erred by denying her request to waive court costs and fees for inability to pay, her renewed request to waive court costs and fees, and her motion for reconsideration of that denial, because the court demanded detailed financial information exceeding that which is required under the applicable administrative rule. Hon. Howard F. Recht, presiding Judge, has responded to Deschamps's petition at our request.

¶2 On August 8, 2023, Deschamps filed a petition for dissolution with a proposed parenting plan in the District Court. Along with her petition, she filed a Statement of Inability to Pay Court Costs and Fees, requesting waiver of the filing fee. Deschamps used the form found in Admin. R. M. 23.2.301 (2018), when she requested her fee waiver. After asking for biographical information such as name and address, the form provides:

> ☐ I am represented by an entity that provides free legal services to low-income persons.
>
> *Or*
>
> ☐ I am represented by a volunteer/pro bono attorney, and am financially eligible for free legal services. (*Attach a certificate of eligibility from legal aid organization to this form*.)
>
> *Or*
>
> ☐ I receive one or more of these benefits: (Check the box for <u>each</u> benefit you receive.)
>
> ☐ SNAP ☐ TANF ☐ SSI ☐ Medicaid ☐ WIC ☐ LIEAP

**If you checked any one of the three boxes above, skip to the end of this form, and sign the declaration on page 3. You don't need to fill out the remainder of the form.**

If you did not check a box above, you may still qualify for a fee waiver. Please continue to fill out pages 2 and 3 of this form so the court has the information it needs to decide if you qualify for the fee waiver.

¶3 Deschamps checked the boxes for SNAP, Medicaid, and WIC. Per the form's instructions, she did not need to fill out the remainder of the form. However, Deschamps filled in some additional information, including her employer, her and her spouse's respective monthly income, and the ages of her children. She averred she was getting divorced from her husband; has five children between the ages of one and 14; has a monthly income of $400 to $600 from her employment[1]; and receives $120 per month in temporary child support from her estranged husband. The only other assets she noted were two vehicles: a 2010 Ford Edge and a 2009 Chevy Avalanche.

¶4 The District Court denied Deschamps's fee waiver, stating, "Incomplete Statement of Inability to Pay."

¶5 On August 30, 2023, Deschamps submitted another statement, which she captioned "AMENDED Statement of Inability to Pay Court Costs and Fees." The latter pages of this form differed from the previous form that Deschamps filed, but the first page of the form, including the advisement that a filer who checked one or more of the benefits boxes, was the same as her previous filing. On this form, she checked that she received SNAP, TANF,

---

[1] Although Deschamps provided her spouse's income, the form also advises the petitioner that, "if you and your spouse are separated, or if one of you is filing for dissolution of marriage, you <u>do not</u> need to provide your spouse's income below." (Emphasis in original.)

3

Medicaid, and WIC, and she further filled out information regarding household size, assets, and debts on the succeeding pages, even though the form advised her that she need not do so because she had checked one or more of the benefits boxes.

¶6     On September 7, 2023, the District Court again denied Deschamps's request to waive court costs and fees. The court ruled, "Amended Statement Of Inability to Pay is incomplete. Income information was not provided."

¶7     On October 12, 2023, Deschamps moved the court for reconsideration of its denial of her request to waive court costs and fees. Deschamps explained that she had checked boxes on the form indicating that she received SNAP, TANF, Medicaid, and WIC, and she thus did not need to include additional information, as stated on the form.

¶8     The District Court denied Deschamps's motion for reconsideration on October 13, 2023. The Order Denying Motion to Reconsider stated that the Montana Rules of Civil Procedure do not recognize a motion for reconsideration. The order further stated, "Also, the Court requires complete information when considering a Statement of Inability to Pay Court Costs and Fees."

¶9     On December 20, 2023, Deschamps, represented by attorneys from Montana Legal Services Association, petitioned this Court for supervisory control, arguing that the District Court erred in denying her request to waive court costs and fees.

¶10    Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross

4

injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

¶11 Deschamps asserts that the legal question presented by this case is whether the District Court must use the requirements set forth by the Montana Department of Justice in its administrative rule to determine if a litigant is entitled to waiver of court costs and fees due to indigency. She further argues that the normal appeal process is inadequate as she has no remedy on appeal if the District Court erred in denying her the requested waiver of court costs and fees. She further maintains that this alleged error is causing her a gross injustice as it has precluded her from proceeding in her dissolution and parenting plan action as she cannot afford the $200 filing fee and other anticipated court costs.

¶12 In its response, the District Court does not disagree that this case presents a purely legal issue or that Deschamps has no remedy on appeal. The court, however, argues that supervisory control is not warranted because it is not operating under a mistake of law. It maintains that it acted within its discretion in denying Deschamps's request because she failed to fill out the request form in its entirety.

¶13 We have held that a court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *City of Missoula v. Girard*, 2013 MT 168, ¶ 10, 370 Mont. 443, 303 P.3d 1283 (citation omitted). In this case, we conclude that the District Court erred as a matter of law by requiring Deschamps to

provide information beyond that which the Department of Justice requires in Admin. R. M. 23.2.301 (2018). Moreover, we conclude that the court erred in ruling Deschamps's Statement and Amended Statement were incomplete, as she was not required to provide additional information once she checked boxes that indicated she received some of the enumerated benefits.

¶14 Montanans' right of access to courts is enshrined in our Constitution. Mont. Const. art. II, § 16. That this access shall be afforded to all, regardless of ability to pay, has been guaranteed by Montana law since its territorial days. *An Act in Relation to Costs*, Sec. 2, Fifth Sess. Laws, 71-72 (Terr. Mont. 1869) ("That any person may commence and prosecute an action in any of the courts in this territory, who will file an affidavit, stating . . . that he is unable to pay the costs . . . it is hereby made the duty of the officers of the courts to issue all writs and serve the same without demanding or receiving their fees in advance.").[2] In 1993, in response to a request from the Montana Association of Clerks of District Court, the Legislature passed House Bill 409, which amended § 25-10-404, MCA, to require that indigent litigants provide a financial statement when requesting a fee waiver and that a court issue an order approving the fee waiver. During testimony before the Senate Judiciary Committee, Cort Harrington, representing the Association, informed the Committee that the clerks of court wanted "the information as to what went into the financial affidavit spelled out in the statute." Senate Judiciary Committee Hearing 3

---

[2] The *in forma pauperis* tradition in the United States builds on a long English tradition of fee waivers for impoverished litigants, codified by statute in England in 1495. *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023) (citing An Acte to Admytt Such P[er]sons as Are Poore to Sue In Forma Paup[er]is, 11 Hen. 7 c. 12 (1495)).

6

(Mar. 8, 1993). Subsequent amendment to HB 409 added a Statement of Intent, which provided, in part, "[Section] 25-10-404 authorizes the Department of Justice to adopt a form for a financial statement by rule. It is the intent of the Legislature that the form require sufficient information regarding income and assets to allow a reasonable determination of indigence." HB 409, Statement of Intent, Ch. 1, 53d Leg. (Apr. 1993).

¶15 Section 25-10-404(1), MCA, provides, in part, and with exceptions not relevant here, that a person may request a waiver of fees by filing an affidavit, supported by a financial statement, stating that the person has a good cause of action or defense and is unable to pay the costs. Section 25-10-404(4), MCA, states, "The department of justice shall, by rule, prescribe the form of the financial statement required by subsection (1) for use in determining indigence. The form may require the disclosure of income and assets, including but not limited to the ownership of real and personal property, cash, and savings."

¶16 To prescribe is to dictate, ordain, or direct; to establish authoritatively (as a rule or guideline). *Prescribe, Black's Law Dictionary* (11th ed. 2019). Thus, the applicable statute gives the Department of Justice the authority to establish the form of the financial statement required for a fee waiver request through a properly adopted Administrative Rule. In adopting Admin. R. M. 23.2.301 (2018), the Department was effectuating the Legislature's intent that the form require sufficient information for courts to determine whether to grant a fee waiver.

¶17 In its response, the District Court does not directly address Deschamps's argument that it lacks the authority to require litigants to submit information inconsistent with that required by the form prescribed by the Department of Justice that is found within Admin.

7

R. M. 23.2.301 (2018). However, the court asserts that the Twenty-First Judicial District has a policy of requiring that fee waiver applications be complete, and that its denial of Deschamps' waiver requests was consistent with that policy.

¶18 The District Court was incorrect as a matter of law when it deemed Deschamps's fee waiver application "incomplete," because she completed the form by checking the boxes for specific benefits and signing the declaration. The Department of Justice, through Admin. R. M. 23.2.301 (2018), has determined that Deschamps is not required to fill out the Income, Assets, and Debts and Extraordinary Expenses sections because she had indicated she received one or more of the benefits enumerated in the preceding section. Deschamps asserts that the Rule "makes sense" because litigants who receive these government benefits have already gone through an income screening process and demonstrated to the relevant agency that they live below a certain percentage of the federal poverty line. Calling the provision of Admin. R. M. 23.2.301 (2018) that accepts the receipt of these federal benefits as sufficient proof of indigency "unwise," the District Court asserts that, if Deschamps were to file a complete application, it would grant her application "if warranted." However, courts are bound by a statute's plain meaning. Section 1-2-101, MCA. Here, the statute provides for the Department of Justice to adopt the form that courts are bound to use in determining whether a litigant is entitled to a fee waiver, and thus the Department, not the court, selects the criteria by which court fees are waived.

¶19 Having considered the petition and response filed, we conclude the District Court erred as a matter of law in denying Deschamps's request for waiver of court costs and fees

8

due to indigency, as Deschamps provided information sufficient to meet the requirements set forth by the Montana Department of Justice, which is statutorily authorized to prescribe the form of the financial statement required for such waiver. Therefore, supervisory control is warranted pursuant to M. R. App. P. 14(3).

¶20 IT IS THEREFORE ORDERED that this Petition for a Writ of Supervisory Control is ACCEPTED and GRANTED.

¶21 IT IS FURTHER ORDERED that this matter is REMANDED to the District Court for the purpose of GRANTING Deschamps' request for waiver of court costs and fees and allowing her case to proceed without payment of filing fee.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all parties in the Twenty-First Judicial District Court, Ravalli County, Cause No. DR-23-202, and the Honorable Howard F. Recht, presiding.

DATED this 30th day of January, 2024.

/S/ LAURIE McKINNON

We Concur:

/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR

9